TUMBLESON, APPELLANT, *v.* NOBLE, APPELLEE.

(No. 321—Decided March 18, 1959.)

*Mr. Charles E. Carter,* for appellant.
*Mr. Reed M. Winegardner,* for appellee.

*Per Curiam.* This is an appeal on questions of law from a judgment of the Common Pleas Court of Fayette County, dismissing plaintiff's action for damages for want of prosecution. The error assigned is that the judgment is contrary to law.

The plaintiff-appellant filed his petition on October 9, 1956, and immediately obtained personal service on the defendant-appellee. On March 16, 1957, J. Harvey Crow, then counsel for the plaintiff, filed in the cause an affidavit of prejudice against the trial judge. On March 18, 1957, the trial judge, on his own motion, filed an entry in which he stated that under the circumstances he should step aside, and concluded the entry as follows: "It is, therefore, ordered, adjudged and decreed that John P. Case, Judge of the Court of Common Pleas of Fayette County, Ohio, be and hereby said judge is disqualified from sitting, presiding over and deciding any of the issues to be heard and determined in the within civil proceeding."

The case then lay dormant for about 18 months. The defendant never filed an answer or other pleading. No hearing was had on the affidavit of prejudice, and no order was made by the Chief Justice of the Supreme Court with respect to the question of disqualification of the trial judge. Almost 18 months after the affidavit of prejudice was filed, to wit, on September 5, 1958, the Chief Justice of the Supreme Court signed an entry dismissing the affidavit of prejudice, and on September 8, 1958, the entry was filed in this cause. The entry recites that it appearing that the case is "subject to dismissal for want of prosecution, the affidavit of prejudice * * * is hereby dismissed."

On August 11, 1958, this case, together with 15 other cases, was placed on the "drop list" by a journal entry filed in the Common Pleas Court. Defendant contends that a four-weeks notice was given to plaintiff to the effect that on September 8, 1958, the hearing date, this case would be called and dismissed for want of prosecution, unless good cause was shown to the contrary. There is nothing in the record as it comes to us to show that the court entry was filed placing the case on the "drop list" or that notice was given to the plaintiff. We assume it to be true, since there is a recital in the entry dismissing the case, that the order of August 11, 1958, was filed of record,

and plaintiff has not made a claim that the notice was not given. On September 8, 1958, plaintiff failed to appear either in person or by counsel and made no attempt to show good cause why the case should not be dismissed. On September 8, 1958, the case was dismissed for want of prosecution without prejudice, at the cost of the plaintiff.

It will be observed that the defendant was in default from the 'time of service of summons until the case was dismissed. The plaintiff had done everything of record required of him. After the affidavit of prejudice was filed, the trial judge had no authority to act. No other judge being assigned by the Chief Justice, the case lay dormant, but any delay or failure to proceed cannot be charged to the plaintiff.

The mere filing of an affidavit of prejudice does not of itself disqualify the trial judge against whom it is filed; there must be a hearing and determination of the bias or prejudice by the Chief Justice of the Supreme Court. *Duncan, Supervising Judge,* v. *State, ex rel. Brown,* 82 Ohio St., 351, 92 N. E., 481; *State, ex rel. Chute,* v. *Marshall, Chief Justice,* 105 Ohio St., 320, 137 N. E., 870; *State, ex rel. Pratt,* v. *Weygandt, Chief Justice,* 164 Ohio St., 463, 132 N. E. (2d), 191; Section 2701.03, Revised Code; Section 3, Article IV of the Constitution of Ohio; 31 Ohio Jurisprudence (2d), 440, Section 81.

We call attention to the fact that the matter to show cause was started on August 11, 1958. The dismissal of the affidavit of prejudice was not filed in the cause until September 8, 1958, almost one month after the trial judge filed the entry requiring plaintiff to show cause why the action should not be dismissed. It is a well established rule that so long as the affidavit of prejudice is on file, and the issue of disqualification thereby raised remains undecided, the judge is without authority to determine the cause or hear any matter affecting the substantial rights of the parties.

In *Wolf* v. *Marshall,* 120 Ohio St., 216, 219, 165 N. E., 848, the court said:

"The trial judge was without authority in this case, under the attending facts, as. stated, which are not disputed, to proceed with the trial and enter a judgment therein, and for. the

reason stated the judgment must be held to be a nullity and reversed * * *.''

In *Wendel, County Treasurer,* v. *Hughes,* 64 Ohio App., 310, 28 N. E. (2d), 686, the first paragraph of the syllabus is as follows:

''A judge against whom an affidavit of bias and prejudice has been filed is without authority to hear the case so long as the affidavit is on file and the issue of disqualification thereby raised remains undecided.''

Regardless of the claim of the defendant that J. Harvey Crow was disbarred in the interim, a fact which does not appear of record in this case, the trial judge was without authority to act while the affidavit of prejudice was pending and undetermined by the Chief Justice, except in matters which are ministerial in character. The order to show cause issued on August 11, 1958, by the trial judge was not a ministerial act but a judicial act which affected the substantial rights of the plaintiff.

The order of the trial judge dated August 11, 1958, being filed without authority, it follows that the dismissal order was not well grounded, although filed after the affidavit of prejudice was dismissed, and was filed without authority.

The action of the trial court in dismissing the cause for want of prosecution was contrary to law. The judgment is reversed and the cause is remanded for further proceedings according to law.

*Judgment reversed.*

Wiseman, P. J., Crawford and Kerns, JJ., concur.

Zelkoff, d. b. a. Tom Thumb Restaurant, Appellant, *v.* Bowers, Tax Commr., Appellee.