THE STATE, EX REL. WOLFF ET AL., APPELLANTS, *v.*
DONNELLY, JUDGE, APPELLEE.

[Cite as State, ex rel. Wolff, *v.* Donnelly (1986), 24 Ohio St. 3d 1.]

(No. 85-1534—Decided May 14, 1986.)

1

*John R. Vintilla,* for appellants.

*John T. Corrigan,* prosecuting attorney, *Patrick J. Murphy* and *Colleen C. Cooney,* for appellee.

*Per Curiam.* The statute basic to this controversy is R.C. 3107.17(B), which pertains to confidentiality of records in adoption proceedings. It reads:

"All papers, books, and records pertaining to a placement under section 5103.16 of the Revised Code or an adoption, whether part of the permanent record of the court or of a file in the department of human services or in an agency, are, except as provided in division (D) of this section, subject to inspection only upon consent of the court."

Consonant with the statute is C.P. Sup. R. 20, which provides:

"(A)  Court records shall not be removed from the Court, except when approved by the judge. Violation of this rule may result in the issuance of a citation for contempt.

"(B)   Copies of any open records may be obtained at a cost per page as authorized by the judge.

"(C)   Files of adoption and mental illness proceedings are confidential. Access to those files may be authorized by the judge.

"(D)   A citation for contempt of court may be issued against anyone who divulges or receives confidential information from files of adoption or mental illness proceedings without authorization of the judge."

The legislature has scrupulously restricted access to adoption records and made them confidential for purposes too obvious to warrant elaboration. This court, through the promulgation of C.P. Sup. R. 20, has fortified this policy by providing that contempt proceedings may be initiated against those who surreptitiously acquire private information and unveil it to the world.

For reasons to be explained, we hold that *ex parte* contempt proceedings are a proper means by which a court may protect the confidentiality of adoption records.

While this exact issue is before us for the first time, this court has, in the past, sanctioned the use of *ex parte* contempt proceedings to enforce, protect and promote the responsibilities and functions of the courts. The landmark case in this area is *Zangerle* v. *Court of Common Pleas* (1943), 141 Ohio St. 70 [25 O.O. 199]. In *Zangerle,* the court of common pleas issued an *ex parte* directive to a county auditor to vacate certain rooms in the courthouse because the court needed more space in which to conduct its business. This court, speaking through Judge Matthias, declared at 84: " '* * * The security of human rights and the safety of free institutions require the absolute integrity and freedom of action of courts. * * * Even without statutory enactment * * * the court * * * possesses all powers necessary for the free and untrammeled exercise of its functions.' " The court denied the writ of prohibition.

In another case, *State, ex rel. Edwards,* v. *Murray* (1976), 48 Ohio St. 2d 303 [2 O.O.3d 446], a probate-juvenile judge had issued an *ex parte* order requiring the county commissioners to appropriate funds for operations of the court. The judge attempted to enforce his order via contempt proceedings. This court said at 305:

"*Zangerle* v. *Court of Common Pleas* (1943), 141 Ohio St. 70 [25 O.O. 199], and the cases there cited recognize the power of the court, in matters which concern its ability to function and to carry out its basic purposes, to issue orders *ex parte* and to enforce compliance. There is nothing novel in the procedure nor is it essentially violative of the rights of those affected, especially where an opportunity to be heard is provided. The remedy by appeal is adequate, for if error were to intervene or discretion be abused, stays of a questionable order may be granted." In *Edwards,* as in *Zangerle,* the writ was refused.

In accord with *State, ex rel. Edwards,* v. *Murray, supra,* is *In re Appropriation for 1979* (1980), 62 Ohio St. 2d 99 [16 O.O.3d 104], and *In re Furnishings for Courtroom Two* (1981), 66 Ohio St. 2d 427 [20 O.O.3d

367]. In the latter case, we commented at 430: "Courts possess all powers necessary to secure and safeguard the free and untrammeled exercise of their judicial functions. * * * When a judge undertakes to enforce his order by proceedings in contempt, instead of by way of mandamus, a * * * [respondent's] remedy is by way of appeal from a finding of contempt."

Finally, in *State, ex rel. Shoop,* v. *Mitrovich* (1983), 4 Ohio St. 3d 220, a prosecutor had received an *ex parte* order directing him to furnish the court with a list of the cases scheduled for each meeting of the grand jury. In our analysis of the jurisdictional issue, we observed at 221: "* * * The grand jury itself is under the control and direction of the court of common pleas. * * * [Citation omitted.] The court of common pleas is charged with certain duties and responsibilities in a supervisory capacity. * * * [Citations omitted.] The grand jury is essentially an arm of the court. * * * Relator has a plain and adequate remedy at law by way of appeal from any adverse judgment against him."

Just as the court has a responsibility to see that office space is sufficient for the conduct of its business, that funds are adequate for its operations, and that the grand jury's business is managed effectively, so too does the probate division of the court of common pleas have a responsibility to protect the privacy of certain adoption records as directed by law. R.C. 3107.17; C.P. Sup. R. 20. It follows, then, that the court may enforce its duty to maintain the confidentiality of adoption records through *ex parte* orders just as this court has held that it may do so in relation to its other responsibilities. Judge Donnelly's exercise of judicial power in the present case, rather than being unauthorized, is mandated by law.

In *Bobb* v. *Marchant* (1984), 14 Ohio St. 3d 1, at 3, the three requisites for issuance of a writ of prohibition are given: " '* * * (1) The court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power; (2) the exercise of such power must be unauthorized by law; and (3) it must appear that the refusal of the writ would result in injury for which there is no other adequate remedy in the ordinary course of the law.' " See, also, *State, ex rel. McGraw,* v. *Gorman* (1985), 17 Ohio St. 3d 147, 150.

While appellants are able to meet the first condition, they fail to meet the remaining two. Judge Donnelly's *ex parte* order is sanctioned by R.C. 3107.17 and C.P. Sup. R. 20, and is amply supported by precedential case authority.[1] We can imagine no injury resulting from Judge Donnelly's action that the remedy of appeal could not cure.

---

[1] Appellants rely on *State, ex rel. Adams,* v. *Gusweiler* (1972), 30 Ohio St. 2d 326 [59 O.O.2d 387]. That case grew from a labor dispute. A collective bargaining contract provided for arbitration in labor-management disagreements. It further provided that either side could "appeal" a decision within fifteen days of its receipt. This court noted that R.C. 2711.04 permitted the appointment of an arbitrator if no method for such appointment was provided in the arbitration agreement. This court found that since a mechanism for the assignment of an arbitrator was furnished in the contract, the court of common pleas had no authority to ap-

The judgment of the court of appeals is affirmed and the writ of prohibition is denied.

*Judgment affirmed*
*and writ denied.*

CELEBREZZE, C.J., SWEENEY, LOCHER, C. BROWN and DOUGLAS, JJ., concur.

HOLMES and WRIGHT, JJ., concur in judgment only.

---

point a second one of its own choosing. Consequently, prohibition would lie to prevent the arbitrator's appointment by the court.

*Gusweiler* is unlike the present case. In *Gusweiler,* the court's action was entirely *ultra vires* — it had no basis in law. Here, the court has a clear responsibility under R.C. 3107.17 and C.P. Sup. R. 20 to prevent public disclosure of confidential records.