THE STATE, EX REL. LOMAZ ET AL., *v.* COURT OF COMMON PLEAS OF PORTAGE COUNTY ET AL.

[Cite as State, ex rel. Lomaz, *v.* Court of Common Pleas of Portage Cty. (1988), 36 Ohio St. 3d 209.]

(No. 87-783—Decided May 4, 1988.)

*Cole Co., L.P.A., Leland D. Cole* and *Mark H. Ludwig,* for relators.

*David M. Benjamin,* assistant county prosecutor, for respondents.

*Per Curiam.* This case requires us to answer two questions: (1) does a common pleas court administrative judge in the general division of that court have authority to assign a judge of the domestic relations division of that court to hear an action for injunctive relief involving a civil zoning dispute and (2) if not, does the interdivisional transfer warrant issuance of a writ of prohibition? For the reasons set forth below, we find that an administrative judge does not have authority to make such a reassignment

and that extraordinary relief is appropriate.

The test for prohibition is well-established. For the writ to issue, this court must find that the court or officer against whom it is sought is about to exercise judicial or quasi-judicial power, that the exercise of such power is unauthorized by law, and that relator has no other adequate remedy at law. *State, ex rel. Judson,* v. *Spahr* (1987), 33 Ohio St. 3d 111, 112, 515 N.E. 2d 911, 912, citing *State, ex rel. Greater Cleveland Regional Transit Auth.,* v. *Guzzo* (1983), 6 Ohio St. 3d 270, 6 OBR 335, 452 N.E. 2d 1314; and *State, ex rel. Northern Ohio Tel. Co.,* v. *Winter* (1970), 23 Ohio St. 2d 6, 52 O.O. 2d 29, 260 N.E. 2d 827.

In support of the premise that Judge Martin was without authority to assign Judge Hayes of the domestic relations division to hear the zoning matter underlying the case at bar, relators rely on *Schucker* v. *Metcalf* (1986), 22 Ohio St. 3d 33, 22 OBR 27, 488 N.E. 2d 210. Specifically, relators refer to this court's conclusion that:

"* * * [O]nly the Chief Justice, Acting Chief Justice of this court, or the presiding judge of a court of common pleas can assign a judge from one division of the same court to another division." (Footnote omitted.) *Id.* at 37, 22 OBR at 31, 488 N.E. 2d at 214.

From this, relators argue that Judge Martin, in his capacity as administrative judge, could not transfer case No. 87-CV-0596 to Judge Hayes.[2] We agree.

[2] Relators also argue that Judge Martin had no authority to transfer case No. 87-CV-0596 to Judge Hayes once Judge Martin received notice that an affidavit of prejudice had been filed. Relators rely on *Tumbleson* v. *Noble* (1959), 109 Ohio App. 242, 10 O.O. 2d 470, 164 N.E. 2d 808; *Cuyahoga Cty. Bd. of Mental Retardation* v.

In *Schucker* v. *Metcalf,* a complaint charging trustees of certain *inter vivos* trusts with self-dealing, conflicts of interest, and the breach of various fiduciary duties was filed in the Court of Common Pleas of Franklin County, General Division. The action, which sought the trustees' removal and monetary damages, was initially assigned to Judge Clifford Rader. Judge Rader, however, *sua sponte* transferred the case to the probate division of the court over which Judge Richard Metcalf presided.

Judge Metcalf thereafter announced his decision to grant summary judgment for defendants on several of the claims and for plaintiffs on other claims. An action in prohibition was filed in the court of appeals in an effort to prevent Judge Metcalf from proceeding. In response, Judge Gillie, the Administrative Judge of the General Division of the Court of Common Pleas of Franklin County, retrieved the action from the probate division and returned it to the general division by ordering the action " 'reassigned to Judge Metcalf, as a Judge of the Court of Common Pleas * * *.' " *Id.* at 33, 22 OBR at 28, 488 N.E. 2d at 211. The court of appeals dismissed the action in prohibition.

On appeal, this court allowed the writ after examining, *inter alia,* C.P. Sup. R. 3(B) and C.P. Sup. R. 2. We held that C.P. Sup. R. 2 is the "sole authority" for transfers of judges from one division to another, other than by assignment of the Chief Justice of this court. *Id.* at 36-37, 22 OBR at 30-31, 488 N.E. 2d at 213-214. C.P. Sup. R. 2 provides that "[t]he presiding judge * * * shall assign judges from one division of the court to serve another division as the business of the court may require." Since Judge Gillie in *Schucker* v. *Metcalf* was the administrative judge of the general division, we held that he had no authority to assign a case to a judge in another division.

Respondents contend that *Schucker* is distinguishable from this case because it involved an interdivisional transfer to a probate court judge whose jurisdiction is "of a limited nature," whereas R.C. 2301.03(P) provides that the judge of the Domestic Relations Division of the Court of Common Pleas of Portage County "shall * * * exercise the same powers and jurisdiction * * * as the other judges of the court of common pleas of Portage county." Respondents claim that since this language confers general common pleas court jurisdiction on judges elected and designated judges of the Portage County domestic relations division, *Schucker* is inapplicable and thus would not preclude

---

*Assn. of Cuyahoga Cty. Teachers* (1975), 47 Ohio App. 2d 28, 1 O.O. 3d 168, 351 N.E. 2d 777; and *Wolf* v. *Marshall* (1929), 120 Ohio St. 216, 165 N.E. 848. Generally, those cases prohibit a judge from determining a cause or hearing any matter that affects the substantive rights of the parties when an affidavit of prejudice has been filed at the earliest possible moment that counsel learns the identity of the trial judge.

Relators do not provide any authority that suggests that substantive rights are affected by properly transferring a case to another judge at a preliminary stage of a proceeding. Indeed, the cases cited recognize that a judge whose impartiality has been challenged may nevertheless perform administrative or ministerial acts. See *Cuyahoga Cty. Bd. of Mental Retardation, supra,* at 37, 1 O.O. 3d at 174, 351 N.E. 2d at 784, fn. 3, citing *Ashland Bank & Savings Co.* v. *Houseman* (1915), 5 Ohio App. 165, 24 Ohio C.C. (N.S.) 33; and *Tumbleson, supra,* at 245, 10 O.O. 2d at 472, 164 N.E. 2d at 811. Thus, we have no reason to preclude a proper transfer in response to the filing of an affidavit of prejudice.

the interdivisional transfer at issue herein.

We do not find respondents' reliance on R.C. 2301.03(P) responsive to whether this interdivisional transfer was properly made. Whether R.C. 2301.03(P) conferred such jurisdiction on Judge Hayes does not alter the conclusion in *Schucker* that requires a valid interdivisional transfer before the power conferred may be exercised.

Like *Schucker* v. *Metcalf,* this case involves an interdivisional transfer made by an administrative judge instead of a presiding judge. *Schucker* held that this is an unauthorized means of reassigning a case. We therefore hold that Judge Hayes had no authority to issue a preliminary injunction and that relators have established the exercise of unauthorized judicial power.

Relators have also satisfied the first prerequisite to issuance of the writ of prohibition. As was the case in *Schucker* v. *Metcalf,* Judge Hayes will undoubtedly proceed with his consideration of the underlying zoning dispute if the writ is refused. Furthermore, this court has determined the issuance of injunctive relief to be an exercise of judicial power sufficient to establish the first element of the prohibition standard. See, *e.g., State, ex rel. Northern Ohio Tel. Co.,* v. *Winter, supra; State, ex rel. Wolff,* v. *Donnelly* (1986), 24 Ohio St. 3d 1, 24 OBR 1, 492 N.E. 2d 810; and *State, ex rel. Dayton,* v. *Kerns* (1977), 49 Ohio St. 2d 295, 3 O.O. 3d 441, 361 N.E. 2d 247.

The third prong of the prohibition standard has also been met. In *Schucker* v. *Metcalf, supra,* this court determined that the relators had no right to challenge the assignment of a judge from the probate division to the general division on appeal. The same is true with respect to the assignment of a judge of the domestic relations division. Proper assignment, like jurisdic-

tion over the subject matter, is required for the valid exercise of judicial power. Thus, Judge Hayes cannot proceed in case No. 87-CV-0596, a case to which he has not been lawfully assigned. Accordingly, prohibition is appropriate in this case.

The only question remaining is the extent to which the writ should issue. The *Schucker* decision is not instructive on this point because, in that case, Judge Metcalf had not entered judgment in connection with the suit before him. Rather, he had only "announced his decision to grant summary judgment." *Id.* at 33, 22 OBR at 27-28, 488 N.E. 2d 211.

Ordinarily, prohibition is used to prevent the unauthorized exercise of judicial power. However, in *State, ex rel. Northern Ohio Tel. Co.,* v. *Winter, supra,* we allowed the writ not only to prevent further action by a court that was about to exercise unlawful judicial power, but to invalidate an order already made. The authority for applying this remedy in retrospect was described in *State, ex rel. Adams,* v. *Gusweiler* (1972), 30 Ohio St. 2d 326, 330, 59 O.O. 2d 387, 389, 285 N.E. 2d 22, 24:

"* * * [A] court which has jurisdiction to issue the writ of prohibition as well as the writs of procedendo and mandamus has plenary power, not only to prevent excesses of lower tribunals, but to correct the results thereof and to restore the parties to the same position they occupied before the excesses occurred."

Thus, this court may vacate a lower court's order where a claim in prohibition has been established.

Given respondents' respective judicial positions within the organization of the Court of Common Pleas of Portage County and the reasoning in *Schucker* v. *Metcalf,* we conclude that this matter presents no genuine issue

as to any material fact and that, pursuant to Civ. R. 56(C), relators are entitled to judgment as a matter of law. Accordingly, relators' motion for summary judgment is granted and the writ is allowed. Respondents' motion is denied. The entry of May 4, 1987 granting a preliminary injunction is vacated and respondents are ordered to proceed with Portage County Common Pleas case No. 87-CV-0596 in a manner consistent with this opinion.

*Writ allowed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.