OPINION
This original action in prohibition is presently before this court for consideration of the motion to dismiss of respondent, the Trumbull County Probate Court. As the basis for this motion, respondent asserts that the petition of relator, Fletcher Orlan Lee, fails to state a viable claim in prohibition because his own factual allegations support the conclusion that respondent has properly exercised jurisdiction over the underlying probate case. For the following reasons, we hold that respondent's motion has merit.
In bringing the instant action, relator seeks an order which would essentially enjoin respondent from continuing to exercise jurisdiction over a probate case pertaining to the estate of his deceased mother, Florence J. Isaly. Relator's prayer for this relief is based upon the following allegations: (1) prior to moving to Hong Kong with relator in 1995, the decedent had resided in the state of Michigan for approximately five years and, before that, in Trumbull County, Ohio; (2) approximately three months after she had moved to Hong Kong, the decedent died in November 1995; (3) soon thereafter, the Supreme Court of Hong Kong approved the decedent's Last Will and Testament and appointed relator as the executor of the estate; (4) in February 1997, Franzellen Zimmer, the decedent's daughter, filed an action with respondent in which she sought the distribution of certain estate assets which were located in Trumbull County; (5) in April 1997, relator moved to dismiss the new action on the basis that full faith and credit should be given to the Hong Kong proceedings; and (6) after an evidentiary hearing on the matter, respondent issued a judgment in which relator's motion to dismiss was denied and Zimmer's attorney was appointed as administrator of the estate.
In conjunction with the foregoing allegations, relator has attached to his petition a copy of respondent's judgment. A review of this document indicates that the basis for the denial of the motion was set forth in the following two paragraphs:
 "Based upon the evidence and briefs filed by the parties, the Court finds that outside of these proceedings, the only administration of the decedent's estate pending is in Hong Kong where the gross value of the estate is $500.00. Additional property remains in the decedent's name in Ohio and no other estate has been filed in Ohio or any other state. An estate proceeding is necessary in order to deal with the property which remains in the name of the decedent in order for those assets to be administered.
 "The Court finds that it has jurisdiction over the decedent's assets in that the decedent was domiciled in the State of Ohio at the time of her death. The evidence established that the decedent resided in Trumbull County throughout most of her life, her husband established his business in Trumbull County, and her children attended Trumbull County schools. She executed a will and other legal documents and conducted her business affairs in Trumbull County. Even after she left the area, the decedent maintained contact with her lifelong friends in the Trumbull County area. She held funds in local bank accounts and continued to maintain her membership in the local temple. The decedent's husband is buried in Trumbull County, and she made arrangements to be buried beside him in a gravesite with a shared headstone."
Given the nature of respondent's holding, the basic issue before this court in this action is: When a probate proceeding concerning an estate is already pending in another jurisdiction, does an Ohio probate court have the authority to control the distribution of an asset of that estate which is located within its jurisdiction and which will not be considered in the other proceeding? In now moving to dismiss the prohibition petition, respondent essentially asserts that an Ohio probate court does have jurisdiction under these circumstances if the decedent was domiciled within the county.
In responding to the motion to dismiss, relator has raised two arguments for our consideration. First, relator argues that respondent's motion to dismiss is not properly before us because it was not filed in a timely manner.
Civ.R. 12(B) provides that a motion to dismiss for lack of a viable claim must be filed before the party's responsive pleading is due. In the instant case, respondent filed its motion to dismiss approximately eighty days after it had filed its answer. Thus, as relator argues, respondent's motion was technically late.
Nevertheless, this court would note that the issue raised in the motion to dismiss could have been properly asserted in a motion for judgment on the pleadings. Civ.R. 12(C) states that such a motion can be made at any time after the close of the pleadings so long as the motion does not delay the trial. As a result, it has been held that an untimely motion to dismiss will be considered a motion for judgment on the pleadings when the former motion asserts that the plaintiff/relator has failed to state a viable claim. Lin v. Gatehouse Constr. Co. (1992),84 Ohio App.3d 96, 99.
As to this point, we would further emphasize that, pursuant to Civ.R. 12, a motion to dismiss can be converted to a summary judgment motion. The rule specifically states that if such a conversion is ordered by a trial court, the opposing party must be given sufficient notice so that he will have an opportunity to present evidentiary materials.
However, as to a conversion from a motion to dismiss to a motion for judgment on the pleadings, prior notice of the conversion to the opposing party is not necessary because it will not affect the type of argument raised by the opposing party. Just like a motion to dismiss which is based upon a lack of a viable claim, our determination of a motion for judgment on the pleadings can be predicated solely upon the pleadings of the parties; i.e., we cannot consider any evidentiary materials. Lin. Furthermore, the standard for determining both motions is the same: neither motion can be granted unless the allegations show that there is no set of facts under which the plaintiff/relator could establish that he is entitled to the requested relief. Id.
Accordingly, we hold that respondent's motion to dismiss shall be considered as a motion for judgment on the pleadings. We further hold that respondent's converted motion is properly before us because it was filed before any trial date had been set.
In relation to the actual merits of respondent's motion, relator maintains that the allegations in his prohibition petition are sufficient to state a viable claim because the controlling fact in determining respondent's jurisdiction was whether the decedent had been a resident of Ohio at the time of her death. Stated differently, relator submits that respondent's finding of jurisdiction was incorrect because it improperly relied upon the fact that the decedent had been domiciled in this state at the time of her death.
In support of his argument, relator first argues that respondent's logic in its motion to dismiss is flawed. Specifically, relator aptly notes that respondent's motion cites to R.C. 2107.11(B), which provides that a will can be admitted into probate in any county where property of the decedent is located if the decedent was not domiciled in this state at the time of her death. Relator further notes that, as part of its decision to exercise jurisdiction in this case, respondent expressly found that the decedent had died intestate. Based upon this, he asserts that respondent's reliance upon R.C. 2107.11(B) to support a finding of jurisdiction is misplaced because respondent never held that the distribution of the Trumbull County property was controlled by a will.
The flaw in respondent's basic argument cannot be denied. Given respondent's conclusion that intestate succession was applicable, its jurisdiction cannot be based upon the existence of a will.
Trying to build upon the foregoing, relator further contends that, pursuant to R.C. 2113.01, the decedent had to be a resident of this state before respondent could exercise jurisdiction. This statute provides, in pertinent part:
 "Upon the death of a resident of this state intestate, letters of administration of his estate shall be granted by the probate court of the county in which he was a resident at the time he died."
As to this statute, this court concludes that, just like respondent's reliance upon R.C. 2107.11(B), relator's reliance upon the quoted language is also misplaced. R.C. 2113.01 merely states that if the decedent died intestate and was a resident of Ohio at the time of her death, the probate court of the county in which she was a resident has jurisdiction over the administration of the estate. R.C. 2113.01 does not provide that a decedent had to have been a resident of this state before our intestate succession laws can be applied. In this regard, the statute does not answer the question of whether the place of a decedent's last residency is controlling as to whether a probate court has the authority to distribute personal property located within its jurisdiction.
As a result, this court concludes that neither statute cited by the parties is controlling to the issue of whether respondent could exercise jurisdiction over the Trumbull County assets of the estate. Moreover, we further hold that the distinction between whether the decedent either resided or was domiciled in this state is also irrelevant to the issue of respondent's jurisdiction. Instead, our review of the relevant case law indicates that the location of the assets is the sole factor to consider in determining if respondent had jurisdiction.
In Howard v. Reynolds (1972), 30 Ohio St.2d 214, the decedent had resided in the state of Vermont for six years prior to his death. At the time of his death, the decedent had owned certain personal property which was located in Lucas County. Ohio. After taking jurisdiction over an action concerning the distribution of the Ohio assets, the Lucas County Probate Court concluded that, because the decedent had died intestate, the Ohio assets must be distributed according to Ohio law.
On appeal, the Supreme Court of Ohio reversed the probate court's determination as to whether Ohio law controlled the distribution of the assets. However, the Supreme Court of Ohio did indicate that the probate court had properly exercised jurisdiction over the case:
 "It is abundantly clear that `the power to regulate the transmission, administration, and distribution of * * * personal property on the death of the owner rests with the state of its situs * * *.' Frick v. Pennsylvania (1925), 268 U.S. 473, 491. Accordingly, this state, as the situs state, may either transfer the property to the jurisdiction of the domicile state for probate or subject it to its own administration and processes.
 "Ohio has long followed the rule which establishes the law of domicile as determinative of the succession of personal property. * * * In so doing, we have adhered to the law which prevails in the majority of jurisdictions concerning intangible, movable personalty. The rationale behind such widespread policy is both sound and viable." (Citations omitted.) Id. at 215.
Under the Howard holding, the place of the decedent's domicile is only relevant to the issue of which state's law is controlling as to the distribution of the property. As to the jurisdiction of the Ohio probate court, its authority to proceed over the matter is based solely upon the location of the personal property.
In the instant action, respondent specifically found that certain personal property belonging to the decedent's estate was located within Trumbull County. For example, respondent found that the decedent had been keeping funds in "local" bank accounts. Such findings were sufficient to establish that respondent could exercise jurisdiction over the assets in question, regardless of whether the laws of this state will control the ultimate distribution of the assets.
As part of his response to respondent's motion to dismiss, relator submits that respondent's finding that assets of the estate were located within Trumbull County was against the manifest weight of the evidence because the personal property in question were "non-probate" assets. As to this point, this court would merely note that if respondent's findings were not supported by the evidence, such an issue can be raised in an appeal from the final judgment in this case. For purposes of our analysis, it is sufficient that respondent's findings supported the ultimate conclusion that it had jurisdiction over the matter.
Before a writ of prohibition will be issued, the relator in such an action must show that: (1) the respondent is about to exercise judicial power; (2) the exercise of that power is not warranted under the law; and (3) the denial of the writ will result in an injury for which the relator does not have an adequate remedy at law. State ex rel. Lipinski v. Cuyahoga Cty.Court of Common Pleas, Probate Div. (1995), 74 Ohio St.3d 19, 20. In relation to the second element, the Supreme Court of Ohio has specifically held that the lack of jurisdiction must be patent and unambiguous before the writ will lie. State ex rel. Smith v.Court (1982), 70 Ohio St.2d 213, 215. Moreover, as a general proposition, the Supreme Court has indicated that a writ of prohibition will lie to stop the continuing exercise of unlawful jurisdiction, even after a trial court has assumed jurisdiction over a case. See State ex rel. Lomaz v. Court of Common Pleas ofPortage Cty. (1988), 36 Ohio St.3d 209.
In light of the foregoing analysis, this court concludes that the allegations in relator's prohibition petition are not sufficient to indicate that he will be able to prove a set of facts establishing that respondent lacked jurisdiction to proceed in this case. Again, we hold that because respondent found that assets of the estate in question were located within Trumbull County, its exercise of jurisdiction was warranted pursuant toHoward.
Furthermore, we conclude that relator's petition does not state a viable claim in prohibition because he has an adequate remedy at law. Although relator cannot appeal immediately from the denial of his motion to dismiss, he will ultimately be able to challenge respondent's decision on the jurisdiction issue as part of an appeal from the final judgment in the underlying action. Moreover, if this court rules in relator's favor in that subsequent appeal, the status of the assets in question shall revert to the status they had before the underlying action was brought.
Accordingly, as relator will not be able to satisfy all three elements for a writ of prohibition, respondent is entitled to judgment on the pleadings pursuant to Civ.R. 12(C).
Pursuant to the foregoing discussion, respondent's motion to dismiss, as converted to a motion for judgment on the pleadings, is granted. It is the order of this court that judgment is hereby rendered in favor of respondent as to relator's petition for a writ of prohibition.
DONALD R. FORD, PRESIDING JUDGE.
JUDITH A. CHRISTLEY, JUDGE.
WILLIAM M. O'NEILL, JUDGE.