[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 404.]

THE STATE EX REL. KLINE, APPELLEE, *v.* CARROLL, JUDGE, ET AL., APPELLANTS.

[Cite as *State ex rel. Kline v. Carroll*, 2002-Ohio-4849.]

*Prohibition—Disqualification of judges—Writ sought to declare relator's conviction and sentence void and to prevent judge and municipal court from proceeding in the transferred criminal case—Court of appeals' grant of writ affirmed, when.*

(No. 2002-0305—Submitted July 24, 2002—Decided October 2, 2002.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 79737.

_____

**Per Curiam.**

{¶1} In November 1994, appellee, Cynthia Kline, was charged with failure to comply with an order of a police officer by driving past a police roadblock, criminal trespass for refusing to leave the police station despite several requests to do so, and obstruction of official business for failing to comply with a police officer's request to relinquish a bottle of prescription medication. In May 1995, the Parma Municipal Court found Kline guilty of these charges and sentenced her.

{¶2} On appeal, the Court of Appeals for Cuyahoga County reversed Kline's conviction and sentence based upon ineffective assistance of counsel. *Parma v. Kline* (Mar. 7, 1996), Cuyahoga App. Nos. 68998 and 68999, 1996 WL 100957.

{¶3} On remand, the Parma Municipal Court scheduled the case for a new trial on April 30, 1996. On April 16, 1996, attorney Mark A. Stanton entered his appearance on behalf of Kline in the municipal court proceeding.

{¶4} By letter dated April 16, 1996, Stanton advised Judge Timothy P. Gilligan of the municipal court that due to Kline's pending civil suit against Parma,

all of the judges on the Parma Municipal Court had conflicts of interest in presiding over any case involving Kline, including the criminal case on remand from the court of appeals. Stanton requested recusal of all of the municipal court judges as "the only proper and adequate remedy to purge this disqualification." Stanton then noted that although former R.C. 2937.20, now R.C. 2701.031, required him to file an affidavit of disqualification, he expressed reluctance to do so:

{¶5} "Pursuant to [former R.C.] 2937.20, I am required to file an Affidavit of Prejudice in the Office of the Clerk, Parma Municipal Court, '. . . setting forth the fact of such interest, relationship, bias, prejudice or disqualification . . .' Thereafter, the presiding judge of the Court of Common Plea[s] examine[s] the affidavit and enters a ruling on the matter.

{¶6} "I would greatly prefer not to file the Affidavit. I take no pleasure in presenting the relevant recitation of facts in the affidavit and I absolutely do not wish to disclose your comments at the time of the verdict. If you and your colleagues on the Parma Municipal Court are willing to assent to recusal, I will request that he assign the case to a different jurisdiction.

{¶7} "I am hopeful that you concur with my proposal and that you will respond on or before April 25, 1996. If my hope is misplaced, I will be forced to file the affidavit."

{¶8} On October 23, 1996, Judge Gilligan, pursuant to the letter from Kline's attorney and in order to avoid the appearance of impropriety, referred the case to Judge James J. Sweeney, the Presiding Judge of the Cuyahoga County Court of Common Pleas, to be reassigned to another municipal court. On November 6, 1996, Judge Sweeney, purporting to act under former R.C. 2937.20, transferred the criminal case to appellant Lakewood Municipal Court by specifying:

{¶9} "Presiding Judge Timothy P. Gilligan of the Parma Municipal Court having recused himself from hearing the above-captioned matter, pursuant to

[former] Ohio Revised Code Section 2937.20, this Court transfers this matter to the Lakewood Municipal Court, to hear and determine the same according to law."

{¶10} Following a trial in the Lakewood Municipal Court, Kline was convicted of failure to comply with a police order and obstruction of official business, and she was sentenced on those charges. On appeal, the court of appeals affirmed the judgment of conviction and sentence on the charge of obstruction of official business and reversed the conviction and sentence on the charge of failure to comply with a police order. *Parma v. Kline* (Oct. 14, 1999), Cuyahoga App. Nos. 74617 and 74618, 1999 WL 820467.

{¶11} On remand, Kline was resentenced on the obstruction conviction and was ordered to appear for the community-service portion of her sentence on June 4, 2001. In April 2001, Kline filed a motion to vacate her conviction and sentence based on her claim that appellants, the Lakewood Municipal Court and Judge Patrick Carroll of that municipal court, lacked jurisdiction over her criminal case.

{¶12} On June 1, 2001, when Judge Carroll and the Lakewood Municipal Court did not rule on Kline's motion to vacate, Kline filed a complaint in the Court of Appeals for Cuyahoga County for a writ of prohibition to declare her conviction and sentence void and to prevent Judge Carroll and the municipal court from proceeding further in the transferred criminal case. On June 4, 2001, the court of appeals granted an alternative writ, stayed appellants from enforcing the sentence, and ordered them to respond to the complaint. By letter dated June 4, 2001, Kline notified Parma that he had filed the prohibition action and that the court of appeals had granted an alternative writ. After the court of appeals denied appellants' motion to dismiss or, in the alternative, to join Parma as a party under Civ.R. 19(A), Parma filed a motion to intervene as a respondent on August 3, 2001.

{¶13} On January 4, 2002, the court of appeals granted the writ of prohibition and denied Parma's motion to intervene.

**{¶14}** This cause is now before the court upon an appeal as of right by Judge Carroll and the Lakewood Municipal Court.

**{¶15}** Judge Carroll and the Lakewood Municipal Court assert that the court of appeals erred in granting the writ of prohibition. For the reasons that follow, we reject these assertions and affirm the judgment of the court of appeals.

**{¶16}** In order to be entitled to the writ of prohibition, Kline had to establish that (1) Judge Carroll and the Lakewood Municipal Court were about to exercise judicial or quasi-judicial power, (2) the exercise of that power was unauthorized by law, and (3) denial of the writ would cause injury for which no other adequate remedy in the ordinary course of law exists. *State ex rel. Potts v. Comm. on Continuing Legal Edn.* (2001), 93 Ohio St.3d 452, 455, 755 N.E.2d 886.

**{¶17}** Here, it is uncontroverted that Judge Carroll and the municipal court had exercised and were about to exercise judicial power in the underlying criminal case involving Kline.

**{¶18}** Regarding the remaining requirements, "[w]here an inferior court patently and unambiguously lacks jurisdiction over the cause, prohibition will lie both to prevent the future unauthorized exercise of jurisdiction and to correct the results of prior actions taken without jurisdiction." *Hughes v. Calabrese*, 95 Ohio St.3d 334, 2002-Ohio-2217, 767 N.E.2d 725, ¶ 15.

**{¶19}** The court of appeals correctly held that Judge Carroll and the Lakewood Municipal Court patently and unambiguously lacked jurisdiction over the underlying criminal case involving Kline.

**{¶20}** The presiding judge of the Cuyahoga County Court of Common Pleas transferred Kline's criminal case to the Lakewood Municipal Court based on former R.C. 2937.20.[1] That statute provided that upon the filing of an affidavit of prejudice concerning a judge of a court inferior to the common pleas court and the notification

---

1. Effective November 20, 1996, R.C. 2937.20 was amended and recodified as R.C. 2701.031. 146 Ohio Laws, Part VI, 10624, 10628.

of the presiding judge of the common pleas court of the filing of the affidavit, the presiding judge would examine the affidavit, and if the judge found evidence that the alleged grounds for disqualification existed, the judge would designate another judge of the inferior court or the common pleas court to hear the matter:

**{¶21}** "When * * * a judge of a court inferior to the court of common pleas * * * has a bias or prejudice either for or against a party to a cause pending before the * * * judge * * * or is otherwise disqualified to sit in a cause pending before the * * * judge, on the filing of an affidavit of such party or counsel, setting forth the fact of that interest, relationship, bias, prejudice, or disqualification, the clerk or deputy clerk of the court, or the magistrate, shall enter the filing of the affidavit on the docket in that cause, and, forthwith notify the presiding judge of the court of common pleas * * *, who shall proceed without delay to examine into the affidavit, and, if the judge finds from all the evidence that the alleged interest, relationship, bias, prejudice, or disqualification exists, the judge shall designate * * * another judge of the inferior court, or the court of common pleas to hear and determine that cause." 146 Ohio Laws, Part II, 2177, 2203.

**{¶22}** The attempted transfer to the Lakewood Municipal Court under former R.C. 2937.20 was unauthorized for several reasons. First, no affidavit of prejudice was filed against Judge Gilligan or the other judges of the Parma Municipal Court. See *Williams v. Banner Buick, Inc.* (1989), 60 Ohio App.3d 128, 133, 574 N.E.2d 579 ("it is evident that an affidavit *must* be filed by a party in order for the procedure outlined in R.C. 2937.20 to be applicable"). (Emphasis sic.) Second, no entry of any filing of an affidavit of prejudice was made in Kline's criminal case. Third, no notification of the filing of any affidavit of prejudice was made to the presiding judge of the common pleas court. Fourth, the presiding judge did not, as required by former R.C. 2937.20, designate another Parma Municipal Court judge or a Cuyahoga County Common Pleas Court judge to hear the case.

**{¶23}** Because former R.C. 2937.20 is inapplicable to a municipal court judge who disqualifies himself without an affidavit having been filed against the judge, the Chief Justice of the Ohio Supreme Court possesses the exclusive authority to appoint another judge in these circumstances. *Univ. Hts. v. Rothschild* (2001), 141 Ohio App.3d 443, 444, 751 N.E.2d 551; *Gen. Motors Acceptance Corp. v. Davet* (Aug. 10, 2000), Cuyahoga App. No. 76288, 2000 WL 1144782; *Williams*, 60 Ohio App.3d at 133, 574 N.E.2d 579. In this regard, Section 5(A)(3), Article IV of the Ohio Constitution provides that "[r]ules may be adopted to provide for the temporary assignment of judges to sit and hold court in any court established by law." See, also, Section 5(C), Article IV, Ohio Constitution. We have promulgated rules authorizing the Chief Justice to assign judges to serve on any municipal court. See former M.C.Sup.R. 13(A), 40 Ohio St.2d xlviii, which was effective at the time of the transfer in this case; see, also, Sup.R. 17(A), which was adopted on July 1, 1997. The Chief Justice has also adopted Guidelines for Assignment of Judges. 69 Ohio St.3d XCIX and 95 Ohio St.3d at LXXIX to LXXXV.

**{¶24}** Therefore, the presiding judge of the Cuyahoga County Court of Common Pleas patently and unambiguously lacked authority to transfer the criminal case to the Lakewood Municipal Court upon the voluntary disqualification of Judge Gilligan of the Parma Municipal Court. See *Rothschild*, 141 Ohio App.3d at 444, 751 N.E.2d 551; *Rocky River v. Hughes* (Nov. 22, 2000), Cuyahoga App. No. 76771, 2000 WL 1739220.

**{¶25}** Judge Carroll and the Lakewood Municipal Court argue that Kline's claim and the court of appeals' judgment are based upon territorial jurisdiction, which they claim is tantamount to venue and is consequently a waivable, procedural concept. See *Morrison v. Steiner* (1972), 32 Ohio St.2d 86, 88, 61 O.O.2d 335, 290 N.E.2d 841 (subject-matter jurisdiction distinguished from venue); *Brooks v. Hurst Buick-Pontiac-Olds-GMC, Inc.* (1985), 23 Ohio App.3d 85, 23 OBR 150, 491

N.E.2d 345; cf. *State ex rel. Coyne v. Todia* (1989), 45 Ohio St.3d 232, 236, 543 N.E.2d 1271 ("respondents' [municipal court judges'] proposed unauthorized acts are jurisdictional because they claim exclusive, territorial jurisdiction").

{¶26} Appellants' assertion is incorrect and the cases they cite are inapposite. This case involves an improper transfer of a case from one municipal court to another municipal court pursuant to former R.C. 2937.20 upon the voluntary disqualification of a municipal court judge rather than upon a request for a change of venue. The cases cited by appellants do not address this issue.

{¶27} Appellants' reliance on the doctrine of invited error is also misplaced. Under this doctrine, a party is not entitled to take advantage of an error that he himself invited or induced the court to make. *Lester v. Leuck* (1943), 142 Ohio St. 91, 26 O.O. 280, 50 N.E.2d 145, paragraph one of the syllabus. But challenging improper assignment and transfer of a case is an attack on the subject-matter jurisdiction of the transferee court; hence, the doctrines of invited error and waiver do not apply. See *Davis v. Wolfe* (2001), 92 Ohio St.3d 549, 552, 751 N.E.2d 1051; cf. *State ex rel. Lomaz v. Portage Cty. Court of Common Pleas* (1988), 36 Ohio St.3d 209, 212, 522 N.E.2d 551 (Writ of prohibition granted: "Proper assignment, like jurisdiction over the subject matter, is required for the valid exercise of judicial power").

{¶28} Finally, any error by the court of appeals in not granting Parma's belated motion to intervene in this prohibition action is harmless. Even if Parma had been permitted to intervene, the court of appeals' judgment granting the writ was appropriate. *State ex rel. First New Shiloh Baptist Church v. Meagher* (1998), 82 Ohio St.3d 501, 504, 696 N.E.2d 1058. Moreover, even without Parma as a party, the court considered Parma's preeminent claim of invited error in its decision. Finally, Parma did not appeal the judgment granting the writ and denying its motion to intervene.

**{¶29}** Based on the foregoing, Judge Carroll and the Lakewood Municipal Court patently and unambiguously lacked jurisdiction over Kline's criminal case, and Kline was entitled to the requested extraordinary relief in prohibition to vacate her Lakewood County conviction and sentence and to prevent appellants from exercising further jurisdiction in her case. See, e.g., *Lomaz*, 36 Ohio St.3d 209, 522 N.E.2d 551, where we issued a comparable writ of prohibition. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

J. David Ingersoll, for appellee.

Kevin M. Spellacy, Lakewood Law Director, for appellants.

————————————