[Cite as *State v. Goldsmith*, 2015-Ohio-3767.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102290**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TERRENCE GOLDSMITH

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-580138-A

**BEFORE:** S. Gallagher, J., Celebrezze, A.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 17, 2015

**ATTORNEY FOR APPELLANT**

Susan J.   Moran
55 Public Square
Suite 1616
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Steven McIntosh
          Brian R. Radigan
Assistant Prosecuting Attorneys
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

SEAN C. GALLAGHER, J.:

**{¶1}** Defendant Terrence Goldsmith appeals his conviction for importuning in violation of R.C. 2907.07, entered following a jury trial. For the following reasons, we affirm.

**{¶2}** Goldsmith volunteered at a community center. On November 11, 2014, an 11-year-old girl alleged that Goldsmith propositioned her for sex in exchange for $10. The victim walked away, but immediately reported the incident to a supervisor at the community center. The police were contacted, and an investigation ensued. The victim provided a written statement for the community center's records.

**{¶3}** Goldsmith was arrested. Initially when speaking with detectives, in a statement that was recorded, he denied the allegations, claiming that he merely asked to buy ten $1 bracelets from the victim. Goldsmith claimed the victim had sold him one earlier. Eventually, he admitted to asking the victim for sex in exchange for money. Goldsmith maintained that the victim misconstrued the request.

**{¶4}** The victim's statement to the police during the investigation was also video recorded. Upon defendant's request, made through counsel at trial during the victim's testimony, the video recording was introduced as the state's exhibit. The defendant attempted to impeach the victim by showing discrepancies between her recorded statement to the police and her trial testimony. The written statement the victim made to the community center, although authenticated at trial, was not introduced into evidence, nor were any of the contents read during any trial testimony.

{¶5} The jury convicted Goldsmith of importuning, a felony of the third degree. The trial court sentenced Goldsmith to 18 months of incarceration and to postrelease control. Goldsmith timely appealed.

{¶6} In his first assignment of error, Goldsmith challenges the introduction of the victim's written statement provided to the community center's supervisor and the victim's video-recorded statement to the police department, both as being admitted in violation of Evid.R. 802 and the Confrontation Clause of the U.S. Constitution. We summarily overrule both arguments.

{¶7} According to the record on appeal, the victim's written statement provided to the community center was not introduced as evidence. The only testimony offered regarding the statement came from the victim herself when she provided foundational testimony regarding the document itself. Tr. 229:23-231:21. The document was not admitted into evidence. Tr. 297.[1] In light of the fact that the statement was not admitted

---

[1]Goldsmith also argues that the supervisor's testimony, which described the fact that the victim told him about the incident, was not admissible. The supervisor did not testify to any details of the conversation he had with the victim, only that the victim was reporting the importuning and identified Goldsmith as the alleged offender. Tr. 182:15-24 ("[The victim and her friend] stated that someone had approached them for her to have sex and she went into detail how it happened."). Hearsay is defined as an out of court statement being offered for the truth of the matter asserted. Evid.R. 801(C). The supervisor was merely explaining how he came to speak with the victim and why he called the police. Further, even if offered for the truth of the matter asserted, the supervisor's testimony was limited to the allegation of importuning that the jury was well aware of anyway. Thus, any error in allowing the supervisor to relate the statement was harmless error. Crim.R. 52(A).

into evidence, we cannot consider any of the hearsay or Confrontation Clause issues raised on appeal.[2]

**{¶8}** Further, the video recording of the victim's interview with the police was introduced by the defendant in an attempt to impeach the victim at trial. The victim's recorded statements differed from some of her trial testimony. Even if we assume admitting the video-recorded statement was error, the defendant invited that error and cannot now predicate a reversal on his own conduct. "Under the invited error doctrine, 'a party is not entitled to take advantage of an error that he himself invited or induced.'" *State v. Doss*, 8th Dist. Cuyahoga No. 84433, 2005-Ohio-775, ¶ 5, quoting *State ex rel. Kline v. Carroll*, 96 Ohio St.3d 404, 2002-Ohio-4849, 775 N.E.2d 517. In *Doss*, a codefendant sought the introduction of the nontestifying defendant's confession at trial. *Id.* at ¶ 1. That defendant specifically waived any constitutional issues with the admission of the codefendant's recorded statement. *Id.* at ¶ 4. The *Doss* court held that but for the defendant's action in waiving his constitutional rights, the error in admitting otherwise inadmissible material would not have occurred.

**{¶9}** The same result must follow in this case. The trial court only had the state introduce the video recording as the state's exhibit after the defense counsel sought to use the video to impeach the victim during the state's case-in-chief.[3] Tr. 251:2-12. The trial

---

[2]In light of our holding, we summarily overrule any claims that Goldsmith's trial counsel was ineffective for allowing the introduction of the victim's written statement to the community center.

[3]We summarily overrule Goldsmith's claim that his trial counsel was ineffective for failing to cross-examine the victim with her prior inconsistent statements. The whole point of introducing the

court initially indicated that only the relevant portions of the video would be played for the jury. Tr. 250:20-25. For reasons not evident in the record, the defense counsel played the entire video during the victim's cross-examination. Tr. 265:21-22. The defendant invited the error as assigned. We additionally note that for the purposes of any claim of ineffective assistance of counsel, it is of no consequence that the trial defense counsel made a tactical decision to admit the video recording. Generally, appellate courts will not deem counsel ineffective for matters of trial strategy. *See Doss* at ¶ 9, citing *State v. Mason*, 82 Ohio St.3d 144, 157, 1998-Ohio-370, 694 N.E.2d 932. Accordingly, we overrule Goldsmith's first assignment of error.

{¶10} In his second assignment of error, Goldsmith contends that his trial counsel was ineffective for failing to call the psychiatrist performing the independent competency evaluation to determine whether Goldsmith's waiver of his *Miranda* rights was knowingly and intelligently exercised before Goldsmith confessed to the importuning charge.

{¶11} In order to substantiate a claim of ineffective assistance of counsel, the appellant must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defendant so as to deprive him of a fair trial. *State v. Trimble*, 122 Ohio St.3d 297, 2009-Ohio-2961, 911 N.E.2d 242, ¶ 98, citing *Strickland v.*

---

video recording was to present evidence of prior inconsistencies in the victim's story. Although defense counsel did not go into the details of the inconsistencies during the victim's cross-examination, the arguments based on those inconsistencies that Goldsmith now contends were not made were in fact advanced during his closing argument. Tr. 320:7-25.

*Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Judicial scrutiny of defense counsel's performance must be highly deferential. *Strickland* at 689. In Ohio, there is a presumption that a properly licensed attorney is competent. *State v. Calhoun*, 86 Ohio St.3d 279, 289, 1999-Ohio-102, 714 N.E.2d 905. The defendant has the burden of proving his counsel rendered ineffective assistance. *State v. Perez*, 124 Ohio St.3d 122, 2009-Ohio-6179, 920 N.E.2d 104, ¶ 223.

{¶12} We cannot say that Goldsmith's trial counsel was ineffective for not calling the psychiatrist who performed the independent competency evaluation, which included evaluating Goldsmith's mental acuity.

> In *State v. Green*, 90 Ohio St.3d 352, 366, 2000-Ohio-182, 738 N.E.2d 1208, the Ohio Supreme Court held that in determining whether a defendant understood and voluntarily waived his or her *Miranda* rights, a trial court should consider the totality of the circumstances, including the age, mentality, and prior criminal experience of the accused; the length, intensity, and frequency of interrogation; the existence of physical deprivation or mistreatment; and the existence of threat or inducement.

*State v. Alhajjeh*, 8th Dist. Cuyahoga No. 93077, 2010-Ohio-3179, ¶ 43. According to the record, both the independent psychiatrist and the court psychiatric clinic both opined with a reasonable degree of scientific certainty that Goldsmith's waiver of his *Miranda* rights, before confessing to the crimes, was knowingly and intelligently executed based on their evaluations of the defendant's mental state. The entire police interrogation lasted less than 30 minutes, and there is no evidence that any threats or inducements were made to coerce the waiver.[4] The testimony from the independent psychological

---

[4]Although Goldsmith claims that he did not sign the waiver until after the detective mentioned

examination would have only confirmed that Goldsmith was competent to waive his rights even after acknowledging Goldsmith's intellectual disability. Goldsmith's expert would have simply corroborated the evidence presented at the hearing, and therefore, counsel's performance cannot be deemed deficient. There is no other evidence that Goldsmith's waiver was anything but knowingly and voluntarily entered. The second and final assignment of error is overruled.

{¶13} Finding no error based on the arguments advanced, Goldsmith's conviction is affirmed.

It is ordered that appellee recover from appellant costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

she would return him to his cell unless he agreed to waive his rights, we find no support for this claim in the record. The video-recorded confession includes the questioning leading to the waiver. There are several instances in which the detectives told Goldsmith of his right to stop the questioning in order to seek legal counsel, in which case he would be returned to his cell. There was no threat to return him to the cell, only the practical explanation that ceasing the interrogation would result in his being returned to his cell until an attorney could be produced.

SEAN C. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., A.J., and
EILEEN A. GALLAGHER, J., CONCUR