[Cite as *State v. Hess*, 2024-Ohio-5722.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| CHARLES HESS, | : | Case No. CT2024-0052 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:　　　　　Apeal from the Muskingum County
　　　　　　　　　　　　　　　　　　Court of Common Pleas, Case No.
　　　　　　　　　　　　　　　　　　CR2023-0472

JUDGMENT:　　　　　　　　　　　　Affirmed

DATE OF JUDGMENT:　　　　　　　　December 6, 2024

APPEARANCES:

For Plaintiff-Appellee　　　　　　　　For Defendant-Appellant

JOE PALMER　　　　　　　　　　　　APRIL F. CAMPBELL
Assistant Prosecuting Attorney　　　　Campbell Law, LLC
27 North 5th Street　　　　　　　　　545 Metro Place South, Suite 100
Zanesville, Ohio 43701　　　　　　　Dublin, Ohio 43017

*Baldwin, J.*

**{¶1}**   The appellant, Charles Hess, appeals his sentence in the Muskingum County Court of Common Pleas for his convictions on theft and burglary. Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND THE CASE

**{¶2}**   On July 27, 2023, the Muskingum County Grand Jury indicted the appellant on one count of Burglary in violation of R.C. §2911.12(A)(1) and one count of Theft in violation of R.C. §2913.02(A)(1).

**{¶3}**   On February 7, 2024, the appellant entered a plea of no contest to an amended indictment of one count of Burglary in violation of R.C. §2911.12(A)(3) and one count of Theft in violation of R.C. §2913.02(A)(1). The plea specifically stated, "[t]he parties stipulate the counts herein do not merge."

**{¶4}**   On February 8, 2024, the trial court found the appellant guilty of one count of Burglary in violation of R.C. §2911.12(A)(3) and one count of Theft in violation of R.C. §2913.02(A)(1).

**{¶5}**   On March 27, 2024, the trial court held a sentencing hearing. The trial court sentenced the appellant to twenty-four months in prison for Burglary and one hundred eighty days of local incarceration for Theft to be served concurrently.

**{¶6}**   The appellant filed a timely notice of appeal and set forth the following assignment of error:

**{¶7}**   "I. THE TRIAL COURT REVERSIBLY ERRED IN NOT MERGING HESS'S THEFT OFFENSE WITH HESS'S BURGLARY OFFENSE, BECAUSE THOSE OFFENSES ARE ALLIED."

**ANALYSIS**

{¶8} In the appellant's sole assignment of error, the appellant argues the trial court erred by failing to merge the appellant's Theft offense with the appellant's Burglary offense. We disagree.

{¶9} According to the change of plea agreement, the appellant agreed the two charges do not merge for the purposes of sentencing. Under similar circumstances, appellate courts have found this to be invited error. *State v. James*, 2015-Ohio-4987 (8th Dist.).

{¶10} "Under [the invited-error] doctrine, a party is not entitled to take advantage of an error that he himself invited or induced the court to make." *State ex rel. Kline v. Carroll*, 2002-Ohio-4849, ¶47.

{¶11} In *State v. Gardner*, 2011-Ohio-2644 (7th Dist.), the defense counsel made a representation to the trial court that counts did not merge for the purposes of sentencing. The Seventh District Court of Appeals found that error to be invited. Also, in *State v. Oehler*, 2011-Ohio-6501 (6th Dist.), the Sixth District Court of Appeals held a defense counsel's agreement to the state's representation that counts do not merge for sentencing constituted invited error.

{¶12} Similarly, in this case, the appellant's negotiated plea agreement stated the counts do not merge for the purposes of sentencing. Therefore, the appellant invited any error the trial court made by not merging the two counts.

{¶13} Accordingly, the appellant's sole assignment of error is overruled.

## CONCLUSION

**{¶14}** Based upon the foregoing, the decision of the Muskingum County Court of Common Pleas is, hereby, affirmed.

By: Baldwin, J.

Wise, P.J. and

King, J. concur.