THE STATE, EX REL. EDWARDS ET AL., APPELLEES, *v.* MURRAY, JUDGE OF THE JUVENILE AND PROBATE DIVISIONS OF THE COURT OF COMMON PLEAS OF MADISON COUNTY, APPELLANT.

(No. 76-607—Decided December 22, 1976.)

304

*Messrs. Lucas, Prendergast, Albright, Gibson, Brown & Newman* and *Mr. Rankin M. Gibson,* for appellees.

*Mr. R. David Picken,* prosecuting attorney, and *Mr. James W. Rolfes, Sr.,* for appellant.

*Per Curiam.* There is no question that the administration of justice by the judicial branch of the government may not be impeded by the other branches of government in the exercise of its powers or that it is the duty of county commissioners to appropriate funds necessary to facilitate the administration of justice by the Court of Common Pleas and its subdivisions.

That this duty is particularized, extended and made legislatively mandatory by R. C. 2151.10 and 2101.11 is recognized by a line of cases, in all of which enforcement of the duty was sought and obtained by an action in mandamus in a court other than the one seeking relief. *State, ex rel. Clarke,* v. *Bd. of County Commrs.* (1943), 141 Ohio St. 16; *State, ex rel. Motter,* v. *Atkinson* (1945), 146 Ohio St. 11; *State, ex rel. Ray,* v. *Bd. of County Commrs.* (1964), 176 Ohio St. 241.

Whether mandamus must be the remedy in this case is the question argued by the appellant. Stated otherwise,

the question is whether Judge Murray, respondent in the Court of Appeals, had jurisdiction *ex parte* to spread upon his journal the order in question, to notify those affected, and to enforce his order by contempt proceedings.

This matter requires a re-examination of our decision in *In re Contempt of Court* (1972), 30 Ohio St. 2d 182, in which a sharply divided court held that R. C. 2101.23 limited the jurisdiction of the Probate Court to enforce an order for the payment of money by contempt proceedings.

We conclude that our holding there must be overruled. Where the basic function of a court, whether named in the Constitution or established in pursuance of provisions of the Constitution, is impeded by a failure or refusal of the body responsible to provide a necessary appropriation, that court possesses the inherent power to order such appropriation and to enforce its order by contempt proceedings. If R. C. 2101.23 were read as limiting the court's jurisdiction to enforce this particular order, that statute would exceed legislative authority.

*Zangerle* v. *Court of Common Pleas* (1943), 141 Ohio St. 70, and the cases there cited recognize the power of the court, in matters which concern its ability to function and to carry out its basic purposes, to issue orders *ex parte* and to enforce compliance. There is nothing novel in the procedure nor is it essentially violative of the rights of those affected, especially where an opportunity to be heard is provided. The remedy by appeal is adequate, for if error were to intervene or discretion be abused, stays of a questionable order may be granted.

The judgment of the Court of Appeals issuing the writ of prohibition is therefore reversed.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.