IN RE FURNISHINGS AND EQUIPMENT FOR THE JUDGE, COURTROOM AND PERSONNEL FOR COURTROOM TWO.

(No. 80-1032—Decided June 17, 1981.)

428

*Messrs. Middleton, Roebke & Rayle* and *Mr. Max E. Rayle,* for appellant.

*Messrs. Hayward, Cooper, Straub, Walinski & Cramer, Mr. John F. Hayward* and *Ms. Jacqueline M. Boney,* for appellees.

PAUL W. BROWN, J.   The Court of Appeals held that mandamus is the only proper remedy by which a judge can compel a board of county commissioners to purchase furnishings and equipment necessary for the proper and efficient operation of the court. Such a conclusion is incorrect. This court has repeatedly held that when a board of county commissioners refuses to appropriate funds or provide quarters and equipment reasonably requested by the court, a judge may seek to enforce his order by way of mandamus *or* by proceedings in contempt. *In re Appropriation for 1979* (1980), 62 Ohio St. 2d

99, 100; *State, ex rel. Edwards,* v. *Murray* (1976), 48 Ohio St. 2d 303; *Zangerle* v. *Court of Common Pleas* (1943), 141 Ohio St. 70. The Court of Appeals believed that this prior law, allowing the court to enforce its order by proceedings in contempt, was changed by the enactment of R. C. 307.01(B).[2] That statute, however, is essentially identical to R. C. 2151.10, which was found to be unconstitutional in the recent case of *State, ex rel. Johnston,* v. *Taulbee* (1981), 66 Ohio St. 2d 417.[3]

---

[2] R. C. 307.01(B), which became effective on July 26, 1979, provides:

"The court of common pleas shall annually submit a written request for an appropriation to the board of county commissioners that shall set forth estimated administrative expenses of the court that the court considers reasonably necessary for its operation. The board shall conduct a public hearing with respect to the written request submitted by the court and shall appropriate the amount of money each year that it determines, after conducting the public hearing and considering the written request of the court, is reasonably necessary to meet all administrative expenses of the court.

"If the court considers the appropriation made by the board pursuant to this division insufficient to meet all the administrative expenses of the court, it shall commence an action under Chapter 2731. of the Revised Code in the court of appeals for the judicial district for a determination of the duty of the board of county commissioners to appropriate the amount of money in dispute. The court of appeals shall give priority to the action filed by the court of common pleas over all cases pending on its docket. The burden shall be on the court of common pleas to prove that the appropriation requested is reasonably necessary to meet all its administrative expenses. If, prior to the filing of an action under Chapter 2731. of the Revised Code or during the pendency of the action, any judge of the court exercises the contempt power of the court of common pleas in order to obtain the amount of money in dispute, the judge shall not order the imprisonment of any member of the board of county commissioners notwithstanding sections 2705.02 to 2705.06 of the Revised Code."

[3] In footnote 4 of *State, ex rel. Johnston,* v. *Taulbee,* the court pointed out that R. C. 2101.11, which applies to probate courts, and R. C. 307.01(B), which applies to common pleas courts, contain the identical provisions that the court found to be unconstitutional in R. C. 2151.10.

R. C. 2151.10 provides, in pertinent part, that:

"If the judge considers the appropriation made by the board pursuant to this section insufficient to meet all the administrative expenses of the court, he shall commence an action under Chapter 2731 of the Revised Code in the court of appeals for the judicial district for a determination of the duty of the board of county commissioners to appropriate the amount of money in dispute. The court of appeals shall give priority to the action filed by the juvenile judge over all cases pending on its docket. The burden shall be on the juvenile judge to prove that the appropriation requested is reasonably necessary to meet all administrative expenses of the court. If, prior to the filing of an action under Chapter 2731 of the Revised Code or during the pendency of the action, the judge exercises his contempt power in order to obtain the sum of money in dispute, he shall not order the imprisonment of any member of the board of county commissioners notwithstanding sections 2705.02 to 2705.06 of the Revised Code."

For the reasons expressed in *State, ex rel. Johnston,* v. *Taulbee,* we find R. C. 307.01(B) to be unconstitutional. Thus, appellant did not err in ordering appellees to appear at a hearing at which they could show cause why they should not be held in contempt for refusing to comply with the order.

Courts possess all powers necessary to secure and safeguard the free and untrammeled exercise of their judicial functions. *State, ex rel. Foster,* v. *Bd. of County Commrs.* (1968), 16 Ohio St. 2d 89, paragraph two of the syllabus; *Zangerle, supra.* However, because an equal branch of the government may not impinge on the authority and rights of the other branches, a court cannot exercise its inherent power to order a board of county commissioners to act unless the court's order is reasonable and necessary for the proper and efficient operation of the court. *State, ex rel. Finley,* v. *Pfeiffer* (1955), 163 Ohio St. 149. It is, therefore, important that a reviewing court have a complete record of the proceedings below so that it can determine if the trial court abused its discretion in ordering the board of county commissioners to act. It is especially important for the board of county commissioners to ensure that there is a full record because it is incumbent upon the board to point out errors that affirmatively appear in the record. Otherwise, all reasonable presumptions consistent with the record will be indulged in favor of the regularity and legality of the proceedings below. Cf. *Beach* v. *Sweeney* (1958), 167 Ohio St. 477; *In re Sublett* (1959), 169 Ohio St. 19; *Cleveland* v. *Whipkey* (1972), 29 Ohio App. 2d 79, 88; 4 Ohio Jurisprudence 3d, Appellate Review, Sections 248, 552 and 553. In the instant cause, however, the reviewing court need not infer the reasonableness of appellant's order from the failure of appellees to bring facts into the record from which an abuse of discretion could be discerned because appellant's order of November 30 was not a final appealable order.

When a judge undertakes to enforce his order by proceedings in contempt, instead of by way of mandamus, a board's remedy is by way of appeal from a finding of contempt. *State, ex rel. Bd. of County Commrs.,* v. *Juvenile Division* (1978), 54 Ohio St. 2d 113; *State, ex rel. Edwards, supra; Bd. of Commrs.* v. *Harshman* (1920), 101 Ohio St. 529.[4]

---

[4] We disaffirm the language in *In re Appropriation for 1979* (1980), 62 Ohio St. 2d

Until there is a finding and order in the contempt proceedings, there is no final appealable order.

For the foregoing reasons we dismiss the appeal.

*Appeal dismissed.*

CELEBREZZE, C. J., COOK, SWEENEY, LOCHER and REILLY, JJ., concur.

HOLMES, J., concurs in the judgment.

COOK, J., of the Eleventh Appellate District, sitting for W. BROWN, J.

REILLY, J., of the Tenth Appellate District, sitting for C. BROWN, J.

HOLMES, J., concurring in judgment. I concur in the judgment in this matter, but, in so doing, I feel it necessary to comment on a number of points discussed in the majority opinion.

First, I must note that I believe R. C. 307.01(B) to be constitutional, and so stated in my concurrence in *State, ex rel. Johnston,* v. *Taulbee* (1981), 66 Ohio St. 2d 417. Therefore, the procedures set forth in such section of law should have been followed in the first instance. Under such section, if the county commissioners for any reason do not comply with the budget request of the court, the judge may bring a mandamus action in the Court of Appeals of the district.

I am in agreement with the majority that this court has previously held that where the board of county commissioners fails, or refuses, to comply with an *ex parte* order of the common pleas court requesting certain furnishings and equipment, the judge may enforce his order by way of mandamus *or* by proceedings in contempt. *In re Appropriation for 1979* (1980), 62 Ohio St. 2d 99; *State, ex rel. Edwards,* v. *Murray* (1976), 48 Ohio St. 2d 303; *Zangerle* v. *Court of Common Pleas* (1943),

99, 101, to the effect that an *ex parte* order is final and immediately appealable. Such a finding was not necessary in that case since the commissioners pled guilty to contempt and thereby waived any errors.

By our holding today, we clearly state that such an order is not a final appealable order. The board of county commissioners may contest the propriety of the order at the contempt hearing when explaining their refusal to comply with the order. If the board is held in contempt, the propriety of the order will be subject to review on appeal.

141 Ohio St. 70. However, it is my view that the enactment of R. C. 307.01(B) has not changed the possible alternative routes of the common pleas court to test the determination of the board of county commissioners. As stated, the common pleas court may still proceed to mandamus where upon submission of a budget request the commissioners have failed to comply. Also, the statute makes specific reference to the exercise of the common pleas court of its contempt powers by using the following language:

"***If, prior to the filing of an action under Chapter 2731. of the Revised Code or during the pendency of the action, any judge of the court exercises the contempt power of the court of common pleas in order to obtain the amount of money in dispute, the judge shall not order the imprisonment of any member of the board of county commissioners notwithstanding sections 2705.02 to 2705.06 of the Revised Code."

I also agree with the majority here that where a judge of the common pleas court has gone the *ex parte* order route and ordered the board of county commissioners to provide for certain needs, and the board disagrees, the proper approach is for the board to appeal from the final order of the court, holding it to be in contempt—not an appeal from the *ex parte* order of the court, issued without benefit of a hearing or record made upon which an adequate appeal could be taken. To this extent, I also agree that the majority is correct in disavowing the applicable language in *In re Appropriation, supra.*

Relative to the latter point of the necessity of making a proper record for an appeal, I note the necessity of the trial court at such hearing to make an appropriate showing of the emergency or necessity of the county commissioners being ordered to purchase specific property from a specific merchant to furnish a courtroom, without the attendant legal requirement normally required of them to advertise for competitive bids. I am aware of the law which provides that a court has the inherent power to order, and to enforce its order, that which is reasonable and proper for the efficient operation of the court, and that a co-equal branch of government should not evade the province of the court to make a determination as to what are the reasonable needs of the court. However, as stated in the

majority opinion, in citing *State, ex rel. Findley,* v. *Pfeiffer* (1955), 163 Ohio St. 149, "a court cannot exercise its inherent power to order a board of county commissioners to act unless the court's order is reasonable and necessary for the proper and efficient operation of the court." The question that may be posed here is whether an order of the court which would require the commissioners to do that which is contrary to law, *i.e.,* purchase goods without bidding procedures, is a reasonable order. A reviewing court could well hold that it was not.

I would agree with the majority here that there being no final appealable order, this appeal should be dismissed.