JOURNAL ENTRY AND OPINION
Appellants, Ronald Brooks and Shareen Jackson, appeal from the judgment of the Cleveland Municipal Court, holding them in contempt of court.
Appellant Ronald Brooks is the Finance Director for the City of Cleveland, and appellant Shareen Jackson is the Commissioner of Accounts for the City of Cleveland. Appellees are the Cleveland Municipal Court and its court administrator, Linda DeLillo. On February 1, 2001, the Cleveland Municipal Court issued an administrative order to appellants ordering them to process Personnel Information Documents ("PIDS") for the employees of the Cleveland Municipal Court. The PIDS, which had not been processed for over two months, included information regarding pay increases, new hires, and status changes to employee personnel files. As a result of appellants' refusal to process the PIDS, certain employees of the Cleveland Municipal Court did not receive pay raises and personnel files were not updated. Some employees of the office of the Clerk of Courts did not receive any pay.
The February 1, 2001 administrative order provided in part:
 By authority of this Court, the City Finance Director and Commissioner of Accounts, respectively, are hereby ordered to:
 1) Process Court and Clerk's Division PIDS that are being held by your office, including those PIDS listed in attached Exhibits I and II.
 2) Have Central Payroll enter said PIDS into the payroll system without delay.
 3) Create vouchers to pay new hires for the Clerk of Courts as identified in attached Exhibit II.
 This Order shall be complied with no later than Friday February 2, 2001, at 5:00 p.m. Failure to comply with this Order may result in the issuance of sanctions and/or other enforcement actions by this Court.
After appellants failed to comply with the administrative order, on February 6, 2001, Linda DeLillo and Earle Turner, Clerk of Courts of Cleveland Municipal Court, filed a motion for an order to show cause. On February 6, 2001, the municipal court issued an order for appellants to appear before the court on February 7, 2001 to show cause why they should not be held in civil contempt for failure to comply with the court's February 1, 2001 order.
Following the hearing, the municipal court found appellants in contempt of court and ordered them to report to the Justice Center, Courtroom 13C, from 9:00 a.m. until 5:00 p.m. until they complied with the February 1, 2001 order. On February 9, 2001, this court granted appellants' motion for a stay pending appeal. The municipa court's order of contempt and imposition of sanctions were held in abeyance. From the judgment of the municipal court, appellants assign the following errors:
 I. THE COURT ERRED BY ISSUING A CONTEMPT FINDING PREMISED UPON AN "ORDER" WHICH WAS A NULLITY.
 II. THE TRIAL COURT ERRED IN ISSUING ITS CONTEMPT FINDING SINCE THE JUDICIAL DIVISION AND CLERK'S DIVISION FAILED TO ADHERE TO THE PRESCRIBED PROCESS FOR OBTAINING AN ADDITIONAL APPROPRIATION.
In appellants' first assignment of error, they allege that the trial court erred by issuing a contempt finding premised upon an order which was a nullity. Appellants contend that because they were not parties to a lawsuit, the municipal court did not have jurisdiction over them and could not issue an order against them. Appellants assert that the municipal court did not have the power to hold them in contempt for failing to comply with an invalid order.
Appellants' argument that the municipal court did not possess the power to issue the February 1, 2001 order or enforce it by contempt proceedings has no merit. In State, ex rel. Edwards v. Murray (1976),48 Ohio St.2d 303, 358 N.E.2d 577, the Supreme Court of Ohio discussed a court's power to issue orders which concern the functioning of the court and find parties in contempt when they fail to comply with those orders.
 Zangerle v. Court of Common Pleas (1943), 141 Ohio St. 70, and the cases there cited recognize the power of the court, in matters qhich concern its ability to function and to carry out its basic purposes, to issue orders ex parte and to enforce compliance. There is nothing novel in the procedure nor is it essentially violative of the rights of those affected, especially where an opportunity to be heard is provided.
In the instant case, the municipal court ordered appellants to process documents to update its employees' personnel files, process new hires and effect pay raises, all matters which concern the court's ability to function and carry out its basic purposes. Because the municipal court had the power to issue such an order, it had the power to enforce that order by contempt proceedings. Appellants' first assignment of error is overruled.
In appellants' second assignment of error, they allege that the trial court erred by finding them in contempt because the municipal court did not follow the proper procedure for obtaining an additional appropriation. Appellants contend that the municipal court was required to seek an additional appropriation from the City Council of Cleveland to fund the additional employees hired by the Clerk of Courts Division because the new hires would cause the court to exceed the staffing levels set forth in the budget. Appellants maintain that because the municipal court did not request an additional appropriation, they would have violated the Cleveland City Charter by processing the PIDS for the employees of the municipal court.
Appellants rely on Sections 43 and 44 of the Cleveland Charter to support their argument that they should not have been held in contempt of court for refusing to process the PIDs. Section 43 provides:
 No moneys shall be drawn from the treasury of the City, nor shall any obligation for the expenditure of money be incurred, except pursuant to appropriations made by the Council; and whenever an appropriation is so made the Clerk shall forthwith give notice to the Director of Finance. At the end of each year all unexpended balances of appropriations shall revert to the respective funds from which the same were appropriated and shall then be subject to future appropriation; but appropriations may be made in furtherance of improvements or other objects or work of the City which will not be completed within the current year.
Section 44 provides:
 Moneys appropriated as herein before provided shall not be used for other purposes than those designated in the appropriation ordinance without authority from the Council. The Mayor and the Director of Finance shall supervise all departmental expenditures, and shall keep such expenditures within the appropriations.
Appellants claim that the Cleveland Municipal Court needed to seek an additional appropriation from City Council in order to hire additional court employees; however, a review of the record in this case reveals that processing the PIDs of the municipal court employees would not cause the court to exceed its appropriated budget. It the hearing conducted on February 7, 2001, DeLillo testified hat the City had always processed PIDS for the municipal court without approval from City Council even when those PIDs concerned hiring additional employees. Appellant Brooks testified that when staffing levels were exceeded during the previous year, the new hires were paid without the approval of City Council. We cannot conclude that the City Charter requires the Cleveland Municipal Court to seek approval from City Council to hire new employees then the court does not spend in excess of its budget; to hold otherwise would impede the court's ability to operate in an efficient manner. Because the municipal court's request to process PIDs did not violate the City Charter, the trial court did not err by finding appellants in contempt for failing to comply with the court's administrative order. Appellants' second assignment of error has no merit and should be overruled.
For the foregoing reasons, the judgment of the Cleveland Municipal Court is affirmed.
It is ordered that appellee recover of appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY. P.J., AND LAWRENCE GREY. J.*, CONCUR.
* SITTING BY ASSIGNMENT: JUDGE GREY, RETIRED, OF THE FOURTH APPELLATE DISTRICT.