OPINION
Appellant, Michael Visnich ("appellant"), appeals from the trial court's determination that he was in contempt for violating a court order. Appellant also appeals from the trial court's sentence that he serve a six-month term of imprisonment.
On April 13, 2000, appellant appeared before the trial court for hearing on two motions for contempt filed by the guardian ad litem in a continuing, long-standing dispute concerning appellant's two children. The parties entered into stipulations whereby appellant was found to be in contempt of orders of the court. The two motions for contempt were found to be well taken. Appellant was sentenced to six-months incarceration for his acts of contempt but could purge his contempt if he complied with the conditions set forth in the trial court's judgment entry journalized April 25, 2000. Those conditions primarily consisted of appellant agreeing to cease harassing and intimidating parties and from performing record searches, for both private and public records, of parties in the case. The documents included records about other court proceedings concerning counsel, agencies, and third parties involved in the case. The parties included all attorneys and all agency workers of SomePlace Safe.
On May 12, 2000, SomePlace Safe filed a motion for contempt with the court. In the motion, SomePlace Safe stated appellant violated the April 25, 2000 court order by requesting court records of Denise Perline, a former employee of SomePlace Safe. A copy of a letter sent by appellant to the Clerk of Courts for Trumbull County, Domestic Division, was attached to the motion. In the letter, appellant asked for copies of a motion to terminate restraining order and a judgement entry from a domestic hearing in Perline's domestic relations case.
The matter came for hearing on May 22, 2000. At the hearing, appellant challenged the standing of SomePlace Safe to file the motion. The trial court granted the oral motion of the attorney for the guardian ad litem
to be substituted as the movant. The legal advocate for SomePlace Safe testified Perline was employed by SomePlace Safe during the pendency of this case. Perline had attended hearings where appellant was present. The attorney for the guardian ad litem was the attorney of record in the Perline matter.
On the stand, appellant admitted he wrote the letter requesting the documents at issue. Appellant testified he thought the April order only prohibited him from harassing or annoying anyone involved in the case. Appellant averred he was unaware he was not permitted to seek any public records of parties in the case. Appellant admitted signing the agreement in April.
The trial court found appellant in contempt for violating the April 25, 2000 judgment entry. The trial court reinstated appellant's suspended sentence for six-months of incarceration.
Appellant assigns the following errors for review:
 "[1.] The appellant's conviction was not supported by sufficient evidence.
 "[2.] The appellant's conviction for contempt was against the manifest weight of the evidence.
 "[3.] The trial court erred by illegally sentencing appellant to a term not included in the statutory guidelines.
 "[4.] The trial court erred by resentencing appellant.
 "[5.] The trial court erred by hearing appellee's motion for contempt without providing notice to appellant."
 In his first assignment of error, appellant challenges the sufficiency of the evidence supporting his contempt conviction. Appellant argues he did not know Denise Perline was employed by SomePlace Safe. Appellant asserts he lacked the requisite criminal intent because he was unaware he was violating the court order at the time he submitted his request for records. Appellant submits he believed the court order only prevented him from annoying or harassing parties and individuals involved in the case.
A judge of the juvenile division of a court of common pleas has the inherent power to enforce its orders by contempt proceedings. State exrel. Edwards v. Murray (1976), 48 Ohio St.2d 303, 305. This power exists independently from an express constitutional provision or legislative enactment. Therefore, a court has both inherent and statutory authority to punish a party for contempt. Burke v. Burke (May 14, 1999), Geauga App. No. 98-G-2163, unreported, 1999 Ohio App. LEXIS 2197. A person may be punished for contempt if he or she disobeys or resists a lawful order or judgment of a court. R.C. 2705.02(A).
The requisite standard of proof for criminal contempt proceedings is beyond a reasonable doubt. Brown v. Executive 200, Inc. (1980),64 Ohio St.2d 250, 252. In cases of criminal contempt, it also must be shown that the contemnor intended to defy the court. Midland SteelProds. Co. v. U.A.W. Local 486 (1991), 61 Ohio St.3d 121, 127; In re Cox
(Dec. 23, 1999), Geauga App. Nos. 98-G-2183 and 98-G-2184, unreported, 1999 Ohio App. LEXIS 6266. This need not be malicious intent. A person is presumed to intend the natural, reasonable, and probable consequences of his or her voluntary acts. Intent can be determined from the surrounding facts and circumstances. State v. Carter (1995),72 Ohio St.3d 545, 554. On review for sufficiency, an appellate court is to examine the evidence admitted at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks
(1991), 61 Ohio St.3d 259.
The April 15, 2000 court order at issue stated:
 "[a.] Michael Visnich shall cease, refrain, and desist from any and all conduct, now and in the future, to harass, threaten, intimidate, restrain, investigate, follow, telephone, subpoena, e-mail, or perform any acts of contact, harassment, or investigation, either individually, through paid professionals, through uncompensated individuals or professionals, through friends, acquaintances, third parties, or internet computer programs or services, directed towards the parties set out in number paragraph "d", below;
 "[b.] Michael Visnich shall cease, refrain, and desist from any and all conduct, now and in the future, to perform record searches, whether public, or private records, dealing with all matters relating to the parties set out in paragraph "d", below, including but not limited to records concerning employment, taxes, deeds, medical records, telephone records, credit reports, police reports, automobile titles or other vehicle related information, bank accounts, court records, or agency records, or any other records concerning other court proceedings involving counsel, agencies, or third parties, involved in this case as set out in number paragraph "d", below;
 "[c.] Michael Visnich shall immediately turn over any and all records in his physical possession which have been obtained through the use of the subpoenas issued in this matter, including, but not limited to responses obtained by the use of the forty-six (46) subpoenas which this Court has quashed by its prior Order, turning over such records to the Guardian-Ad-Litem, within seven (7) days of the effective date of this Order;
 "[d.] The parties referenced above shall include all of the following:
 "* * *All attorneys * * *agency workers, supervisors, social workers, secretarial staff, volunteers, and affiliated personnel, both past and present, at all agencies involved upon this case, including * * * SomePlace Safe."
 Evidence admitted at the hearing established Denise Perline was employed by SomePlace Safe during the pendency of the Visnich matter. She attended hearings at which appellant also was present. There was evidence before the court that appellant knew, or should have known, that Denise Perline was employed by SomePlace Safe. By the plain reading of the court order, appellant was forbidden from requesting Perline's court records. The order also forbade appellant from requesting records of any court proceedings involving the counsel appearing in this case. Because the attorney for the guardian ad litem also was counsel of record in the Perline case, appellant's request for the document violated the court order even without any consideration of whether appellant knew Perline was employed by SomePlace Safe. Appellant could not recall how he became aware of the document in the Perline case. He also was vague on his understanding of the court order at issue. Appellant admitted he probably stated that he understood the stipulations at the hearing held when the court order was issued in April. He also remembered signing the agreement in court.
The surrounding facts and circumstances of this case demonstrate appellant intended to violate the court order. His past behavior of filing numerous subpoenas and requests for various records and documents show a pattern of harassing behavior that the court attempted to thwart with the order at issue. Appellant not only requested a document from a former employee from SomePlace Safe, the document also was prepared and filed by one of the attorneys in this case. The plain language of the court order prohibits appellant from engaging in this conduct. There is sufficient evidence before this court to uphold appellant's conviction for contempt. Appellant's first assignment of error is overruled.
In his second assignment of error, appellant contends his conviction was against the manifest weight of the evidence. Appellant basically reiterates the same arguments advanced in his first assignment of error concerning his intent.
When considering if a conviction was against the manifest weight of the evidence, a reviewing court examines the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses, and determines whether the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. State v. Thompkins (1997), 78 Ohio St.3d 380.
There was evidence appellant and Perline were present at the same hearings. Appellant was evasive on the stand regarding how he came to learn of the document in the Perline case and regarding his understanding of the court order. There was no manifest miscarriage of justice in the instant case. Appellant's second assignment of error is overruled.
Appellant's third and fourth assignments of error will be addressed together for purposes of review and disposition. In his third assignment of error, appellant submits the trial court's sentence of six months was illegal. Appellant argues R.C. 2705.05 only provides for a sentence of not more than ninety days for a person found in contempt three or more times. Appellant maintains that the six-month sentence he received violates this statute. Appellant's fourth assignment of error argues that a September 6, 2000 judgment entry by the trial court, clarifying that appellant's sentence was the result of two separate offenses, for which a ninety-day sentence was imposed for each, was error because appellant was not present for the re-sentencing.
Appellant is correct in stating that R.C. 2705.05(A)(3) provides for a definite term of imprisonment of no more than ninety days for a third or subsequent contempt offense. A trial court can impose separate sentences for each act of contempt. See State ex rel. Charmaine H. v. Paul D.M. (July 27, 2001), Erie App. Nos. E-00-067, E-00-065, E-00-066, unreported, 2001 Ohio App. LEXIS 3321. The trial court's judgment entry of May 23, 2000 reinstated the sentence imposed in its order of April 25, 2000. The April 25, 2000 judgment entry sentenced appellant to six months for his acts of contempt based upon two separate motions filed by the guardian ad litem. The judgment entry does not provide for separate sentences for each of the two contempt motions but states appellant is sentenced to a term of six months.
Crim.R. 32(B) imposes a mandatory duty upon a trial court to set forth the sentence for each and every charge. See State v. Collins (Oct. 18, 2001), Cuyahoga App. No. 79064, unreported, 2001 Ohio App. LEXIS 4666. The April 25, 2000 judgment entry does not include a separate sentence for each finding of contempt. Therefore, the judgment entry does not comport with the dictates of Crim.R. 32(B).
The trial court sought to correct this deficiency by issuing a nunc protunc judgment entry, clarifying that appellant received consecutive three-month sentences for each finding of contempt. Appellant was not brought into open court for the clarification of his sentence.
A court retains jurisdiction to correct a void sentence and may use anunc pro tunc entry to do so. State v. Calvillo (1991),76 Ohio App.3d 714. Crim.R. 43 provides that such a correction or modification must occur in open court in the presence of the defendant.Columbus v. Rowland (1981), 2 Ohio App.3d 144; State v. Beeman (May 19, 1989), Lake App. No. 13-063, unreported, 1989 Ohio App. LEXIS 1850. Even if a correction of the initial sentence is largely ministerial, the defendant has the right to be present. State v. Skaggs (Oct. 26, 2000), Cuyahoga App. No. 56714, unreported, 2000 Ohio App. LEXIS 4947. A re-sentencing by a trial court which does not comply with Crim.R. 43 is void. State v. Heath (Sept. 30, 1997), Lucas App. No. L-97-1099, unreported, 1997 Ohio App. LEXIS 4392.
The trial court retained the jurisdiction to correct or clarify the sentence imposed for the two findings of contempt. However, the trial court could not correct the sentence outside of the presence of the defendant. Therefore, the sentence of the trial court is vacated. The case is remanded for re-sentencing. Appellant's third and fourth assignments of error are well-taken.
In his fifth assignment of error, appellant contends he did not receive adequate notice of the hearing because the trial court granted the oral motion of the attorney for the guardian ad litem to replace Someplace Safe as the movant in the contempt motion. Appellant argues that his attorney was prepared to challenge the contempt motion on Someplace Safe's lack of standing. Because he had no notice the guardian ad litem
would be substituted at the hearing, appellant asserts his attorney did not have a chance to prepare an adequate defense to the motion.
For contempt under R.C. 2705.02, a written charge shall be filed with the clerk of courts, an entry of the charge is to be made upon the journal, and the accused is to be given an opportunity to be heard. R.C. 2705.03. See also In re Guardianship of Jadwisiak (1992),64 Ohio St.3d 176. Notice apprising the defendant of the nature of the charge against him sufficient for the preparation of a defense complies with the requirements of R.C. 2705.03. Cincinnati v. Cincinnati Dist.Council 51 (1973), 35 Ohio St.2d 197, at paragraph two of the syllabus. A party charged with indirect contempt must have adequate notice, adequate time to prepare a defense, and an opportunity to be heard.Culberson v. Culberson (1978), 60 Ohio App.2d 304, 306.
Appellant never raised the notice issue below. Even in criminal contempt proceedings, a contemnor must assert his constitutional rights, including those of due process, at the trial level or waive any assertion of error upon appeal. Cominsky v. Malner (Dec. 29, 2000), Lake App. No. 99-L-101, unreported, 2000 Ohio App. LEXIS 6204. Appellant has waived the question of adequate notice on appeal because he did not raise the matter with the trial court.
Even if appellant had preserved his right to appeal this issue, he would not prevail. Appellant does not state how his defense would have differed had the guardian ad litem been substituted as the complaining party at an earlier point in the proceedings. Therefore, appellant has not demonstrated prejudice. See Cincinnati, supra; Turner v. Turner (May 18, 1999), Franklin App. No. 98AP-999, unreported, 1999 Ohio App. LEXIS 2329. Also, the notice itself adequately apprised appellant of the charge against him. The substitution of parties did not result in prejudice because the trial court itself has the power to determine whether a person is in contempt and appellant had adequate notice of the charges. Appellant's fifth assignment of error lacks merit. The judgment of the Trumbull County Court of Common Pleas, Juvenile Division, is affirmed in part, reversed in part, and remanded for re-sentencing.
JUDGE DIANE V. GRENDELL, FORD, P.J., NADER, J., concur.