MEMORANDUM OPINION
{¶ 1} Lake County Juvenile Court Judge William Weaver has moved this court to dismiss the appeal of the Lake County Board of Commissioners from Judge Weaver's order compelling the appropriation of additional funds for the court's 2008 operating budget. Judge Weaver asserts that this court lacks jurisdiction to consider the commissioners' appeal for the reason that his order is not a final appealable order pursuant to R.C. 2505.02(B). We agree, finding that such an ex parte order issued without further contempt proceedings at which an evidentiary record for appellate review *Page 2 
is made is not a final appealable order.
 {¶ 2} Nevertheless, our dismissal will not leave the parties without a remedy as further proceedings may be had in the trial court, or through the separate original action now pending in the Supreme Court of Ohio, or through mediation.
Substantive and Procedural Facts
 {¶ 3} Judge Weaver ordered the Lake County Board of Commissioners to appropriate an additional $501,641.20 to ensure the proper functioning of the juvenile court finding that the salaries of many of the juvenile court employees, including the clerks and probation officers, were not commensurate with the salaries of other comparable employees throughout Lake County. The judge further found that the proposed 2008 operating budget, as set by the commissioners, did not contain sufficient funds to give the subject employees an appropriate raise in salary. This order was issued ex parte without a hearing. Critical to our determination is the fact that the judge did not take any further steps to enforce his order by way of contempt proceedings during which a full evidentiary record for appellate review could be made. Instead, the judge filed an original action in the Supreme Court of Ohio seeking a writ of mandamus compelling the commissioners to provide reasonable and necessary funding. Thus, this court has no full record before it which may be reviewed in order to determine the reasonableness of the order.
Two Procedural Routes for Enforcement and Appeal of a FundingOrder
 {¶ 4} The Supreme Court of Ohio has addressed the issue of when a trial court's funding order can be subject to appeal holding that there are two means by which a trial court may obtain compliance with a funding order. The first is a mandamus *Page 3 
action and the second is a contempt hearing if the commissioners refuse to comply with the funding order.
 {¶ 5} These two procedural routes were described by the high court in its decision In re Furnishings and Equipment for Courtroom Two (1981),66 Ohio St.2d 427. In that case, the Wood County trial judge rendered a judgment which ordered the county commissioners to provide additional funding for a new courtroom. After the commissioners sent a letter indicating that they did not intend to comply, the judge issued a second judgment in which the commissioners were ordered to appear before the judge and show cause as to why they should not be held in contempt. Before the scheduled hearing could go forward, the county commissioners appealed the original funding judgment to the proper appellate court.
 {¶ 6} After the appellate court concluded that a trial court could only enforce a funding judgment by bringing a separate action for a writ of mandamus, the trial judge in that particular case appealed the matter to the Supreme Court of Ohio.
 {¶ 7} The Supreme Court noted that, although the trial judge attempted to follow the contempt enforcement procedure, the county commissioners took their appeal before the contempt proceeding could go forward. Based upon this procedural fact, the court ultimately concluded that the appellate court should have dismissed the appeal because the funding judgment itself was not a final order.
 {¶ 8} "When a judge undertakes to enforce his order by proceedings in contempt, instead of by way of mandamus, a board's remedy is by way of appeal from a finding of contempt. * * * Until there is a finding and order in the contempt proceedings, there is no final appealable order." (Citations omitted.) Id. at 430. *Page 4 
 {¶ 9} In the case before us, the judge chose the mandamus route; however, before the mandamus action was filed, the commissioners appealed the order to this court. This procedural difference is immaterial because the resultant lack of a full record for appellate review and lack of a final appealable order remain.
 {¶ 10} The In re Furnishings court emphasized that if an appeal could be brought from the funding judgment without a finding of contempt after a hearing, there would be no record of evidence which the appellate court could review to decide whether the trial court had abused its discretion in setting the level of funding. It would only be after the contempt proceedings had ended that a proper record would exist so that an appropriate review could be had. Id.
 {¶ 11} The rationale for this procedure rests upon the fundamental principle that the appellate court reviews the record of evidence adduced at the trial court level for error. Simply put, the appellate court must have something final to review. As explained by the Supreme Court: "[t]he board of county commissioners may contest the propriety of the order at the contempt hearing when explaining their refusal to comply with the order. If the board is held in contempt, the propriety of the order will be subject to review on appeal." Id. at fn 4. While "[c]ourts possess all powers necessary to secure and safeguard the free and untrammeled exercise of their judicial functions * * *" and an "* * * equal branch of government may not impinge on the authority and rights of the other branches * * *", a court cannot use its inherent power to order the commissioners to act unless the order is "reasonable and necessary for the proper and efficient operation of the court." Id. at 430 (internal citations omitted).
 {¶ 12} It is axiomatic that the appellate court must have a full record before it in *Page 5 
order to review whether the judge abused his discretion in issuing the funding order.
 {¶ 13} Although the proceedings below did not progress to the contempt stage, the In re Furnishings holding remains applicable to the appealed judgment. As was noted above, the court's order only set the amount of funding for the 2008 fiscal year. The judgment did not indicate that any contempt proceedings had been held and did not contain any finding of contempt and an imposition of a penalty. Thus, the judgment does not constitute a final order from which an immediate appeal can be pursued, and this court does not have the requisite jurisdiction to consider the merits of this appeal. Therefore, Judge Weaver's motion to dismiss this matter is granted, and the order of this court is that the instant appeal is hereby dismissed for lack of a final appealable order.
 CYNTHIA WESTCOTT RICE, J., COLLEEN MARY O'TOOLE, J., concur. *Page 1