[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Lorain Cty. Bd. of Commrs. v. Lorain Cty. Court of Common Pleas,* Slip Opinion No. 2015-Ohio-3704.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-3704

THE STATE EX REL. LORAIN COUNTY BOARD OF COMMISSIONERS *v.* LORAIN COUNTY COURT OF COMMON PLEAS ET AL.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Lorain Cty. Bd. of Commrs. v. Lorain Cty. Court of Common Pleas,* Slip Opinion No. 2015-Ohio-3704.]

*Prohibition—Judges of the common pleas court patently and unambiguously lack jurisdiction to order the board of county commissioners to appropriate funds to the county sheriff in the absence of an actual case or controversy pending before the court—Writ granted.*

(No. 2014-1586—Submitted May 19, 2015—Decided September 15, 2015.)

IN PROHIBITION.

_____

**Per Curiam.**

{¶ 1} We grant a writ of prohibition to prevent respondents, the Lorain County Court of Common Pleas and the Honorable Judge Mark Betleski, from enforcing orders they had no jurisdiction to issue.  Former Administrative Judge

James M. Burge issued an order mandating that relator, the Board of Commissioners of Lorain County, appropriate an amount of money to the county sheriff to add security measures at the court's adult-probation and presentence-investigation facilities. After Judge Burge was removed from office, the current Administrative Judge, Mark A. Betleski, issued an order giving the commissioners the option to appropriate the money to the court even though the court would then give the money to the sheriff's office for the same purpose.

{¶ 2} Judges Burge and Betleski have ordered the commissioners, without a suit by the sheriff, to appropriate funds to the sheriff's office for additional security at the courthouse and another facility. The dispute over funding is therefore between the sheriff and the commissioners, but there was, and is, no lawsuit between those parties before the Lorain County Court of Common Pleas.

{¶ 3} We issue a writ of prohibition because Judge Betleski has no jurisdiction to issue and enforce orders resolving a dispute that is not before the court.

**Facts**

**The physical-security assessment and concerns regarding security**

{¶ 4} In May 2014, the Supreme Court of Ohio Office of Court Security, at the request of then Administrative Judge Burge, prepared a physical-security assessment ("PSA") of the "old courthouse" in Lorain County. In 2004, all divisions of the court of common pleas were relocated from the old courthouse to the Lorain County Justice Center. The old courthouse was renovated specifically to house the court's adult-probation department ("APD") and the county crime lab. The APD's presentence-investigation unit ("PIU") is housed in a separate building and was also part of the PSA. The PSA identified a number of structural-design and security problems with the old courthouse, including the need for a screening station equipped with a metal detector and the need to alarm the exterior doors.

{¶ 5} On August 13, 2014, the sheriff sent a letter to the commissioners stating that the annual costs of placing deputies and screening equipment for the APD at the old courthouse and for the PIU at its present location in a different building would be $396,356.09. The letter also suggested that if the PIU were moved to the old courthouse so that security could be provided only at the old courthouse for both departments, it would cost $198,178.05 annually. The sheriff also sent a letter to the court administrator with copies to the judges explaining that he must have additional funding before he would be able to provide the security measures suggested in the PSA.

**The first entry**

{¶ 6} In an August 22, 2014 e-mail to the court administrator, the sheriff provided calculations showing that it would cost $124,953.20 to implement the requested security measures for the remainder of 2014. None of the commissioners were originally copied on this e-mail. The commissioners allege that the sheriff never submitted to them a request for $124,953.20 for security for the APD and the PIU through the end of 2014.

{¶ 7} On August 27, 2014, Judge Burge issued a journal entry ordering the commissioners to appropriate $124,953.20 to the sheriff by September 13 so that deputies and screening devices at the two facilities housing the APD and the PIU could be funded for the remainder of 2014. No matter was pending before the court regarding the funding: the sheriff had not filed suit against the commissioners, nor had he sought a writ of mandamus to order them to provide the funding that was nevertheless ordered by Judge Burge.

**The complaint for a writ of prohibition**

{¶ 8} The commissioners filed this action for a writ of prohibition on September 12, 2014. They prayed for an immediate alternative writ of prohibition to prevent Judge Burge and the other respondents from enforcing the August 27,

2014 order until we made a final decision in this case. They also prayed for a permanent writ forbidding enforcement of the order.

{¶ 9} On September 25, 2014, we issued an order disqualifying Judge Burge from acting as a judge for reasons unrelated to this case. *In re Disqualification of Burge*, 140 Ohio St.3d 1444, 2014-Ohio-4193, 16 N.E.3d 685. Respondents filed a motion to dismiss, and the commissioners responded. On October 1, the parties filed a stipulated automatic substitution of Judge Betleski for Judge Burge, as Judge Betleski had been designated as the new administrative judge in the general division of the Lorain County Court of Common Pleas.

**The second entry**

{¶ 10} On October 3, 2014, Judge Betleski issued a journal entry modifying Judge Burge's August 27, 2014 entry. The October order fully incorporated the August order and added, "The Lorain County Commissioners alternately may fulfill their obligations under [the August 27, 2014] Order and the Order's purpose by appropriating the required funds of $124,953.20 for security to the Court of Common Pleas General Division." It required that the appropriation be made by October 17, 2014.

{¶ 11} On October 9, 2014, the APD requested an appropriation of $139,500 from the County Probation Services Fund, including $130,000 for professional services. The commissioners learned that the $130,000 was slated to pay the sheriff's office for the cost of providing uniformed deputies and screening devices at the entrances to the APD and the PIU. The request was for funds already budgeted for the court's use and not for new funds or for an appropriation from the general fund. On October 22, the commissioners passed a resolution approving the APD's requested appropriation from the court's probation fund but stated that the approval "in no way waives their claim set forth" in this pending prohibition case, "nor limits in any way their ability to contest the Court of

Common Pleas ordering the Commissioners to pay for security at the Old Courthouse or PSI's location."

**The amended complaint**

{¶ 12} On October 17, 2014, the commissioners moved for leave to file an amended complaint. The amended complaint changes the respondent from Judge Burge to Judge Betleski and incorporates Judge Betleski's October 3, 2014 order. Respondents did not oppose the motion to amend the complaint.

{¶ 13} On November 19, 2014, we denied the respondents' motion to dismiss, granted a September 17, 2014 motion that the PSA be filed under seal, ordered that a copy of the PSA be given to the commissioners, and issued an alternative writ. The parties submitted evidence and briefs. On November 25, 2014, as part of his 2015-budget hearing with the commissioners, the sheriff requested sufficient funding for security at the APD and PIU facilities. As of December 5, 2014, no funding was approved to fulfill this request.

## Analysis

**Motion for oral argument**

{¶ 14} Judge Betleski has moved for oral argument. In cases in which oral argument is not mandatory—such as cases originating in this court or direct appeals from cases originating in a court of appeals—we have discretion to grant oral argument, and " 'in exercising this discretion, we consider whether the case involves a matter of great public importance, complex issues of law or fact, a substantial constitutional issue, or a conflict among courts of appeals.' " *State ex rel. Jean-Baptiste v. Kirsch*, 134 Ohio St.3d 421, 2012-Ohio-5697, 983 N.E.2d 302, ¶ 10, quoting *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 111 Ohio St.3d 118, 2006-Ohio-5339, 855 N.E.2d 444, ¶ 15.

{¶ 15} Judge Betleski argues that oral argument is necessary to explore the proper authority of the courts versus the role of county commissioners. However,

the resolution of this case follows from the facts of this case as applied to existing jurisprudence, and oral argument is not necessary. The motion is denied.

**Prohibition**

{¶ 16} To be entitled to the requested writ of prohibition, the commissioners must establish that (1) Judge Betleski is about to exercise or Judge Burge and/or Judge Betleski have exercised judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Bell v. Pfeiffer*, 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181, ¶ 18; *State ex rel. Miller v. Warren Cty. Bd. of Elections*, 130 Ohio St.3d 24, 2011-Ohio-4623, 955 N.E.2d 379, ¶ 12. The second and third elements may be satisfied by a showing that the lack of jurisdiction is "patent and unambiguous." *Chesapeake Exploration, L.L.C. v. Oil & Gas Comm.*, 135 Ohio St.3d 204, 2013-Ohio-224, 985 N.E. 2d 480, ¶ 11.

**Exercise of judicial power**

{¶ 17} Judges Burge and Betleski exercised judicial power by entering the August 27 and October 3 orders, and Judge Betleski is about to exercise judicial power by enforcing those orders.

{¶ 18} Judge Betleski claims that the court was acting not in a judicial capacity but in an administrative one when it issued the two appropriation orders. If the entries ordered the county commissioners to appropriate funds to the court for the court's administration of its own business, they might be viewed as administrative orders. Such a request by the court to county commissioners is not made in the context of a dispute but is in the nature of an administrative order that the court can enforce through contempt or mandamus. *In re Furnishings & Equip. for Judge, Courtroom & Personnel for Courtroom Two*, 66 Ohio St.2d 427, 428, 423 N.E.2d 86 (1981).

6

{¶ 19} However, Judge Burge's order was not for " 'the administration of the judicial process,' " *State ex rel. Avellone v. Lake Cty. Bd. of Commrs.*, 45 Ohio St.3d 58, 61, 543 N.E.2d 478, 481 (1989), quoting *State ex rel. Britt v. Franklin Cty. Bd. of Commrs.*, 18 Ohio St. 3d 1, 2, 480 N.E.2d 77 (1985), nor was the appropriation to be made of the court's funds, which might have made it an administrative rather than a judicial order.  Rather, here, the court ordered the board of commissioners to make an appropriation to the sheriff's office for a specific purpose.  Likewise, Judge Betleski, when modifying that order, did not mandate that the funds be appropriated to the court for its own expenses; instead, he gave the commissioners the *option* to appropriate the money to the court, which would have simply turned it over to the sheriff.

{¶ 20} Therefore, the court did not issue an administrative order.  Rather, the orders were attempts to resolve the informal dispute among the sheriff, the county commissioners, and the court regarding payment for additional security measures at the APD and PIU facilities.

**Exercise of judicial power unauthorized**

{¶ 21} That exercise of judicial power was unauthorized.  There is and was no legal controversy between parties with standing before Judges Burge and Betleski.  "Actual controversies are presented only when the plaintiff sues an adverse party."  *State ex rel. Barclays Bank, P.L.C. v. Hamilton Cty. Court of Common Pleas*, 74 Ohio St.3d 536, 542, 660 N.E.2d 458 (1996).  The sheriff's office has not sued the commissioners.

{¶ 22} The sheriff claims that he has insufficient funds to pay for the additional security measures that the court desires at the APD and PIU facilities, and the commissioners claim that the sheriff's budget is sufficient to accommodate the extra security.  However, the sheriff suggested that the PIU be moved to the same location as the APD to save money.  The commissioners have

indicated that they could appropriate the money needed to provide security under this arrangement.

{¶ 23} Thus, there is a disagreement, but not a legal controversy, between the sheriff and the commissioners. Despite the lack of a formal lawsuit, the common pleas court decided that the sheriff must provide additional security at two locations at extra expense and that the commissioners must appropriate money to the sheriff to enable him to do so.

{¶ 24} As we have held, the presence of a mere disagreement, "however sharp and acrimonious it may be," is insufficient to create an actual controversy. *Barclays*, 74 Ohio St.3d at 542, 660 N.E.2d 458. Judges Burge and Betleski exercised judicial authority where there was no case or controversy.

**No adequate remedy at law**

{¶ 25} Judge Betleski argues that the commissioners have an adequate remedy at law in that they can challenge the reasonableness of the judges' orders during a contempt proceeding. However, the entries were not orders mandating appropriations to a court for its own administrative expenses, in which case the court could enforce the order by contempt or mandamus. *In re Furnishings*, 66 Ohio St.2d at 428, 423 N.E.2d 86. Rather, they were orders mandating appropriations to the sheriff's office, with, at most, an option to funnel the money through the court on its way to the sheriff. The court patently and unambiguously lacked jurisdiction to issue the orders. They are not enforceable in contempt. There is no adequate remedy at law sufficient to preclude a writ of prohibition. We grant the writ.

**Conclusion**

{¶ 26} Judge Betleski and the Lorain County Court of Common Pleas lack jurisdiction to enforce entries that order the board of commissioners to appropriate money to the sheriff's office for security at the APD and PIU facilities, in the absence of a case or controversy.

**{¶ 27}** We therefore grant the requested writ of prohibition. We also grant the motion to amend the complaint and deny the motions for a default judgment and for oral argument.

Writ granted.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

LANZINGER, J., concurs in judgment only.

_____

Brzytwa, Quick & McCrystal, L.L.C., Robert E. Cahill, James L. McCrystal Jr., and E. John Brzytwa, for relator.

The Chandra Law Firm, L.L.C., Subodh Chandra, Donald Screen, Sandhya Gupta, and Ashlie Case Sletvold, for respondents.

_____