[Cite as *In re Court Authorization to Retain Possession of Sealed Documents in Pending Matters*, 2026-Ohio-400.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| IN THE MATTER OF: | **CASE NO. 2025-T-0061** |
| COURT AUTHORIZATION TO RETAIN POSSESSION OF SEALED DOCUMENTS IN PENDING MATTERS | Civil Appeal from the Court of Common Pleas |
| | Trial Court No. 2025 IR 00296 |

## MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: February 9, 2026
Judgment: Appeal dismissed

*Jennifer J. Ciccone*, The Ciccone Law Firm, L.L.C., 3685 Stutz Drive, Suite 100, Canfield, OH 44406 (For Appellant, Randy Law).

*Cooper D. Bowen* and *Linda L. Woeber*, Montgomery Jonson L.L.P., 600 Vine Street, Suite 2650, Cincinnati, OH 45202 (For Appellee, Judge Ronald J. Rice).

JOHN J. EKLUND, J.

{¶1} On September 8, 2025, Appellant, Randy Law, the Trumbull County Clerk of Courts, through counsel, filed a notice of appeal from the judgment entry of the Trumbull County Court of Common Pleas filed on August 7, 2025. That entry states:

> This Administrative Order authorizes each of the four judges of the Trumbull County Common Pleas Court General Division, at their discretion, to retain possession of sealed documents related to matters pending before them. The sealed documents shall be maintained by the judge's official court reporter in a designated secure location.

{¶2} The entry is signed by Appellee, Judge Ronald J. Rice, as Administrative Judge.

{¶3}　On November 4, 2025, Appellee, through counsel, filed a motion to dismiss the appeal for lack of a final, appealable order.  Appellant did not file a response.

{¶4}　Ohio Const., art. IV, § 3(B)(2) provides that "[c]ourts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district . . . ."  R.C. 2505.02(B) provides that "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

(3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

　　(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

　　(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

(5) An order that determines that an action may or may not be maintained as a class action;

(6) An order determining the constitutionality of any changes to the Revised Code made by Am. Sub. S.B. 281 of the 124th general assembly, including the amendment of sections 1751.67, 2117.06, 2305.11, 2305.15, 2305.234, 2317.02, 2317.54, 2323.56, 2711.21, 2711.22, 2711.23, 2711.24, 2743.02, 2743.43, 2919.16, 3923.63, 3923.64, 4705.15, and 5111.018 (renumbered as 5164.07 by H.B. 59 of the 130th general assembly), and the enactment of sections 2305.113, 2323.41, 2323.43, and 2323.55 of the Revised Code or any changes made by Sub. S.B. 80 of the 125th general assembly,

including the amendment of sections 2125.02, 2305.10, 2305.131, 2315.18, 2315.19, and 2315.21 of the Revised Code;

(7) An order in an appropriation proceeding that may be appealed pursuant to division (B)(3) of section 163.09 of the Revised Code;

(8) An order restraining or restricting enforcement, whether on a temporary, preliminary, or permanent basis, in whole or in part, facially or as applied, of any state statute or regulation, including, but not limited to, orders in the form of injunctions, declaratory judgments, or writs;

(9) An order that denies a motion for expedited relief pursuant to section 2747.04 of the Revised Code.

{¶5} If the trial court's order is not a final order, then this Court does not have jurisdiction to review the case, and the appeal must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

{¶6} In the present case, the appealed entry does not fit into any of the above categories. In fact, the entry does not address or resolve any dispute between litigants in a particular case. Rather, the entry purports to be an administrative order.

{¶7} In the context of a trial court's funding order directed to a board of county commissioners, the Supreme Court of Ohio has held that "a judge may seek to enforce his order by way of mandamus or by proceedings in contempt." *In re Furnishings & Equip. for Judge, Courtroom & Personnel for Courtroom Two*, 66 Ohio St.2d 427, 428 (1981). For instance, in contempt proceedings, an appellant "may contest the propriety of the order at the contempt hearing when explaining [his or her] refusal to comply with the order." *Id.* at 430, fn. 4. If the appellant "is held in contempt, the propriety of the order will be subject to review on appeal." *Id*. Therefore, "[w]hen a judge undertakes to enforce his order by proceedings in contempt," an appellant's "remedy is by way of appeal from

Case No. 2025-T-0061

a finding of contempt."  *Id*. at 430.  "Until there is a finding and order in the contempt proceedings," however, "there is no final appealable order."  *Id*. at 431.

{¶8}   This Court has explained that "[t]he rationale for this procedure rests upon the fundamental principle that the appellate court reviews the record of evidence adduced at the trial court level for error."  *In re 2008 Operating Budget, Lake Cty. Juvenile Court*, 2008-Ohio-4048, ¶ 11 (11th Dist.).  "Simply put, the appellate court must have something final to review."  *Id*.

{¶9}   In this case, there have been no proceedings below, much less a finding and order in contempt proceedings.  Accordingly, the appealed entry is not a judgment or final order from which Appellant can pursue an immediate appeal.

{¶10}  For the foregoing reasons, Appellee's motion to dismiss is granted, and this appeal is hereby dismissed for lack of a final appealable order.


MATT LYNCH, P.J.,

EUGENE A. LUCCI, J.,

concur.

# JUDGMENT ENTRY

For the reasons stated in the Memorandum Opinion of this Court, it is ordered that Appellee's motion to dismiss is granted. This appeal is hereby dismissed for lack of a final appealable order.

All pending motions are overruled as moot.

Costs to be taxed against Appellant.

---
JUDGE JOHN J. EKLUND

---
PRESIDING JUDGE MATT LYNCH,
concurs

---
JUDGE EUGENE A. LUCCI,
concurs

| **THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY** |
|---|
| A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure. |

Case No. 2025-T-0061